EMELIA COSTANZA AND COSMO COSTANZA, PLAINTIFFS-APPELLANTS, v. JOSEPH CAVANAUGH, DEFENDANT-RESPONDENT.

Argued October 21, 1943—Decided January 27, 1944.

For the plaintiffs-appellants, *Maurice Lerinthal* and *Cole & Morrill*.

For the defendant-respondent, *Cox & Walburg* (*Harry E. Walburg*).

The opinion of the court was delivered by

CASE, J. The appeal is by the plaintiffs (the male plaintiff is the husband, joining *per quod*) from a judgment entered upon a jury verdict in favor of the defendant. There had been an earlier trial at which the verdicts had been rendered for the plaintiffs but in amounts so small as to be grossly out of proportion to the damages suffered, with the result that the trial court, on the application of the plaintiffs and without objection from the defendant, granted a new trial as to all issues.

Mrs. Costanza was struck and injured by defendant's automobile and sues for resulting damages. The accident occurred at or near the junction of Main and Thomas Streets, Paterson. The defendant was driving his automobile northerly on Main Street, after dark on January 9th, 1941, a sleeting, freezing night. Defendant's version is that he con-

tinued on that course past Thomas Street and collided with plaintiff as she ran from the westerly side of Main Street to the easterly side of the same street at about the opening of Thomas Street; whereas the account given by Mrs. Costanza is that she had completed the crossing of Main Street, had turned sharply to the right and was in the act of crossing from the north to the south side of Thomas Street, at the crosswalk, when defendant, without warning, turned from Main Street into Thomas Street and struck her. The controverted issue was whether defendant continued on a straight course and struck Mrs. Costanza on Main Street or turned into Thomas Street and struck her as she was on the crosswalk of that street.

Plaintiffs come up on the court's refusal to charge certain of their requests. The requests were numbered 2, 3 and 5 as presented to the court but are here referred to as 1, 2 and 3. They are:

1. "If plaintiff, Emilia Costanza, while crossing on the crosswalk from the northeasterly corner of Thomas and Main Streets to the southeasterly corner of these streets, saw defendant's automobile proceeding on Main Street, she was justified in inferring that the course of the automobile would not change without warning, and certainly not change into Thomas Street, the crossing of which was occupied by her on foot."

2. "If plaintiff, Emilia Costanza, was struck while crossing on the crosswalk from the northeasterly corner of Thomas and Main Streets to the southeasterly corner of these streets, and there was nothing in her path when she started to cross the street, then she had no reason to apprehend that defendant would dispute her right of way, which, at this crossing, was superior."

3. "The Traffic Law of the State of New Jersey also provides:

" 'Except as otherwise provided in this article, the driver of a vehicle intending to turn to the right at an intersection, shall approach the intersection in the lane for traffic nearest to the right-hand curb or side of the highway, and in turning shall keep as closely as practicable to the right-hand curb or

side of the Highway until the turn is completed, * * *.'
*R. S.* 1937, 39:4–123."

The last clause of the first request was susceptible of being understood as a statement that in point of fact the woman was on the Thomas Street crossing at the time of the accident; and to that extent the request was improper because it appeared to resolve the issue of fact against the defendant. We think also that the proofs scarcely sustain the assumption that Mrs. Costanza saw the defendant's car proceeding on Main Street. Further, the request broadly served the plaintiffs unless there was a "warning." That word, used with respect to the operation of an automobile, usually refers to some sort of a cautionary signal emanating from or on behalf of the operator; whereas the discovery by the plaintiff, whether with or without warning, of a change in the course of the car would bear materially upon the assumption which she might lawfully make.

We think that there was an erroneous legal assumption implicit in the second request, namely, that because there was nothing in Mrs. Costanza's path at the instant she left the north curb she could proceed to the far side of the crossing without further obligation to exercise caution in so doing. It was night. The weather was variously described as "nasty," "sleet and snow," "rain and snow." The traffic along Main Street, a busy thoroughfare, was heavy. The immediate locality, according to plaintiff's photographic exhibit, was something of a business center. Time, place and weather combined to make traveling hazardous; and it could hardly be said, as a matter of law controlling upon the jury, that Mrs. Costanza had no reason to apprehend any of a number of happenings incident to such a condition, one of them being that a vehicle not in her path as she left the curb might get there. The request was not merely upon who would have a superior right at the crossing under certain circumstances, but also upon what Mrs. Costanza, under all of the facts of the case, had or had not reason to apprehend. Decisions which have passed upon the justification of factual assumptions in determining whether or not a trial court erred in granting or denying the motion for nonsuit are not

necessarily controlling in the framing of a statement of the law which is to bind the jury with respect to its deliberations.

The Traffic Act, *R. S.* 39:4–126, provides that "Before * * * turning from a direct line, the driver of any vehicle on a highway shall first see that such movement can be made in safety, and, if a pedestrian may be affected by such movement, give a clearly audible signal by sounding the horn;" and that statutory provision is a factor to be considered in disposing of a nonsuit, *Strutko* v. *Mann,* 124 *N. J. L.* 183; nevertheless, while the statutory direction is a factor to be considered, it is only that and does not constitute an absolute rule of law in damage suits. "The mere failure to observe a traffic regulation is not *per se* negligence, that is, failure to observe it is not necessarily a contributing cause to the accident. Whether in a given case it is or is not is a matter to be determined by a jury." *Baker* v. *Fogg & Hires Co.,* 95 *N. J. L.* 230. If it was the intention to ground the requests in the provisions of the Traffic Act, the pertinent limitations should have been stated.

Moreover, the court covered much of the subject-matter in charging other requests presented by the plaintiffs, as follows:

"Here is another section which may or may not be pertinent, and it is as follows: 'The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within a marked crosswalk, or within an unmarked sidewalk at the end of the block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals.'

"Now a crosswalk is defined as follows: 'A crosswalk means that portion of the roadway ordinarily included within the prolongation of curb and property lines at street intersections, or that portion of a roadway clearly indicated for pedestrian crossing by lines marking the surface of the roadway.'

"I have been requested to and will further charge you that 'A person on foot is justified in assuming until the contrary appears that drivers of automobiles will observe all the statutory commands designed to advance the public safety, and otherwise exercise reasonable care in the use of the highway.' "

A trial judge when stating the legal rule called for is not

required to adopt either the form or the words or the collocation of phrases in which the request to charge is framed. *Van Pelt* v. *Sturgis,* 102 *N. J. L.* 708; *Ryan* v. *Deans,* 114 *Id.* 199. It appears to us, therefore, that for several reasons the court did not commit legal error in refusing to charge the first and second requests in the form submitted.

The third request was insufficient in that (1) it did not state the legal significance to be given in a damage suit to the Traffic Act provision which it undertook to recite, and (2) it did not state the exceptions referred to in the phrase "except as otherwise provided in this article."

Our study brings us to the conclusion that the substantial rights of the plaintiff were not injuriously affected by the refusal to charge in the language of the requests under review. A judgment should not be reversed unless, after examination of the whole case, it appears that the error injuriously affected the substantial rights of a party. *R. S.* 2:27–363.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PORTER, COLIE, DEAR, WELLS, THOMPSON, DILL, JJ. 11.

*For reversal*—PARKER, HEHER, RAFFERTY, JJ. 3.