HERMAN LeBAVIN, PLAINTIFF-RESPONDENT, v. SUBURBAN GAS COMPANY AND JOHN G. LURKER, DEFENDANTS-APPELLANTS.

Submitted October 26, 1945—Decided January 31, 1946.

For the plaintiff-respondent, *Jacob R. Mantel.*

For the defendants-appellants, *Coult, Satz, Morse & Coult.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment for $6,000 entered in the Supreme Court, Essex Circuit, in favor of the plaintiff-respondent against the defendants-appellants in an action in tort for damages arising out of negligence. There was an intersection collision between a car operated by the plaintiff and a truck owned by the defendant Gas Company and operated by defendant Lurker, its employee.

The defendants assign as error the action of the trial judge in refusing to nonsuit the plaintiff and in refusing to deliver to the jury the two charges requested.

The first point made is that "the trial court should have granted the motion for a nonsuit on the ground that the plaintiff failed to show negligence of the defendant in the premises." There was no motion to direct a verdict for defendants at the close of the whole case. "The rule is of course thoroughly settled that the refusal of nonsuit for failure of proof is not error leading to a reversal if such proofs were afterwards supplied by either party in the progress of the trial." *Layden* v. *Goodyear Tire and Rubber Co., Inc.,* 129 *N. J. L.* 54.

The second point is that contributory negligence appears as an irresistible inference from the plaintiff's case, and a nonsuit should have been granted on that ground.

We shall treat the two points together. The plaintiff was driving an ordinary closed car in a southerly direction along River Road in the Township of Hanover. River Road runs north and south and is macadam or tarvia and about nineteen feet in width. It intersects with New Jersey Route 10, which runs east and west and is concrete and has four lanes across the intersection.

There was testimony from which the jury could find or infer at the close of plaintiff's case that on a clear day in the morning of April 7th, 1944, plaintiff was carefully driving his car at about fifteen miles per hour southerly on River Road; that he was well acquainted with the intersection of this road with Route 10 and there was a stop sign thirty to thirty-five feet from the crossing and that he almost, but not quite, stopped at the stop sign, looked to the left and saw no

car coming along; that he gradually approached the crossing and came to a point five or six feet from the exact corner of Route 10 and River Road where he came to a full stop and looked up and down Route 10 and saw no car coming from his right but one car from his left going west on Route 10. He waited for about one-half minute until the west-bound car passed, and before he "got in gear" he looked again in both directions and didn't see any cars coming down Route 10 within three hundred or four hundred feet, which was the range of his vision, and he started to cross Route 10 in second gear at about twelve miles per hour, and that as he was crossing he looked around and all over the road to make sure nobody was in his way, and he was careful, but that he didn't make any other observation until he was more than three-quarters of the way across the intersection when he saw out of the corner of his eye the truck when about fifteen feet away bearing down on him from his right traveling east along Route 10, and it seemed to be coming at a "terrific rate of speed, very fast," and that he, the plaintiff, swung his car as hard as he could to the left in an effort to get out of the way, but it seemed only a fraction of a second when he felt a terrific crash in the back of the car, and that's all he knew, and he was rendered unconscious. The photograph, *Exhibit 13,* showed that plaintiff's car was badly damaged in its right rear.

On cross-examination plaintiff admitted that, although there were several obstructions tending to confuse his view from River Road to his right on Route 10, such as trees, four or five parked cars, buildings and all kinds of signs, thirty, forty to fifty feet in length, he could see at least three hundred feet to his right along Route 10. In addition to plaintiff's own testimony there was offered by plaintiff testimony by witnesses as to the positions and the condition of the respective cars after the accident which, with the map and photographs offered in evidence, we think, clearly made out a *prima facie* case of negligence on the part of the defendant. .But, defendants say, under point 2, that the plaintiff failed to make proper observation of Route 10 for approaching vehicles, and, therefore, as a matter of law he

was guilty of contributory negligence, and a nonsuit should have been granted. This contention is based primarily upon the fact of the accident. It is argued that if he had looked, the accident would not have occurred, but this begs the question. Here plaintiff testified that he made several observations and could see from three hundred to four hundred feet to the right on Route 10, and there was no vehicle moving within that distance. It is recognized that reasonably effective use of the powers of observation by a plaintiff who is hit by an automobile may be made and yet the presence of such a vehicle not disclosed. His observation need not extend beyond the distance within which vehicles moving at lawful speed would endanger him. See *Goldenberg* v. *Reggio,* 112 *N. J. L.* 440 and *Puorro* v. *Salerno,* 109 *Id.* 382. In this situation plaintiff had a right to anticipate that any vehicle approaching from his right would be driven with due regard to his safety. It was not necessary, under our cases, that plaintiff should be constantly looking to his right to ascertain if a vehicle was approaching. Mr. Justice Bodine, speaking for this court in *Baca* v. *Public Service, &c., Transport,* 128 *Id.* 8, said: "The motor-cycle rider was in plain view of the bus driver and the proofs show no effort to stop the bus. Much point is made of the failure of the motorcyclist to make other observation for his own safety, as he passed over the intersection, but observation cannot be repeatedly made. The driver of every vehicle must observe that which is in front of him. When he enters an intersection, observation must be made, but such observation cannot necessarily be repeated, if the driving is to be done with regard to the safety of others. The duty was upon the bus driver to approach the intersection with his vehicle under control."

If the plaintiff's testimony is to be believed, and on the motion for nonsuit it must be, the plaintiff cannot be said to be guilty of contributory negligence as matter of law. At most, it was a jury question.

Defendant's third point is that the court below erred in not charging request number 1, which is as follows:

"If the jury find that the plaintiff failed to bring his car to a complete stop at the intersection of River Road and

Route 10, and that his failure to do so was a producing or contributory cause to his own injuries, then the plaintiff cannot recover in this action."

This portion of Route 10 is a "through street" within the meaning of *R. S.* 39:4–144. The statute does not require a complete stop at an intersection. It provides that:

"No driver of a vehicle or street car shall enter upon or cross a through street so designated and marked unless he has first brought his vehicle or street car to a complete stop at a point within five feet of the nearest crosswalk or stop line marked upon the pavement at the nearest side of the through street, unless otherwise directed to proceed by a traffic or police officer or traffic control signal, or as provided in section 39:4–145 of this title."

The request was, therefore, not accurate, but in any event, it is a peremptory demand that goes too far. We think that this point was adequately and more accurately covered in the charge delivered by the trial court, who said:

"A mere violation of the statutory duty, if you find there was any violation of any statutory duty that I have read to you, is not in and of itself conclusive evidence either of negligence or contributory negligence, but it is a fact and circumstance together with all the other evidence in the case which you must consider in order for you to determine whether or not the defendant was negligent or that the plaintiff was chargeable with contributory negligence." See *Castanza et al.* v. *Cavanaugh*, 131 *N. J. L.* 175.

The fourth and final point is that the court erred in refusing to charge request No. 2, which was as follows:

"The driver of defendant's car was not bound to assume, suspect or anticipate that the plaintiff would drive his automobile into the intersection without first bringing his automobile to a complete stop at the intersection."

Outside of the statutory provisions with respect to motor vehicles approaching an intersection and yielding the right of way, *R. S.* 39:4–90, there is nothing in the statutory law which required the plaintiff to come to a complete stop at the intersection. The plaintiff stated that he did stop within five or six feet of the intersection. The defendant and two

of his witnesses denied this and thereby created an issue of fact which we think the court properly left to the jury in a charge which covered generally this request to charge in so far as it was legal.

We are of the opinion that the court below did not err in refusing to grant the motion for nonsuit nor in refusing to charge the defendants' requests to charge.

The judgment is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, JJ. 14.

*For reversal*—COLIE, J. 1.