No. 39,633

J. W. MAUST and CLIFFORD DITTMER, *Appellees* and *Cross-Appellants*, v. DARRELL IOERGER and WILLIAM IOERGER, *Appellants* and *Cross-Appellees*.

(280 P. 2d 566)

Opinion filed March 5, 1955.

*Martin S. Hall* and *Max D. Hall,* both of Anthony, argued the cause and were on the briefs for the appellants and cross-appellees.

*Ronald D. Albright,* of Anthony, argued the cause and *Donald Muir* and *W. G. Muir,* both of Anthony, were with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when a truck being driven by an employee of defendants collided with a combine of plaintiffs being pulled on a trailer behind a truck. Judgment was for the plaintiffs. Defendants have appealed. The plaintiffs have cross-appealed as to the amount of damages.

The petition was in two causes of action. The first one alleged

the ownership by plaintiffs of a 14-foot combine and a truck; that on the date in question plaintiff Dittmer was driving in a westerly direction on the highway and approached an overpass 26 feet wide, pulling the combine in question loaded on a trailer to the right of the roadway behind his truck. The combine was 14 feet wide and the cutter bar was about 5½ feet above the roadway; that one of defendants, the agent of the other defendant, his father, was driving a grain truck not more than 8 feet in width upon the highway with defective brakes, known to defendants, in an easterly direction; that as plaintiff's truck and combine neared the west end of the overpass the defendant driver negligently drove his truck upon the west end of it; that the driver of plaintiff's truck repeatedly flashed the truck head lights and signaled with his arm to warn defendant from entering the overpass and stopped his truck; that notwithstanding the clear view which the driver of the defendant's truck had, or should have had, of the dangers of continuing further, he continued to drive his truck 123 feet upon the overpass and against the combine and damaged it; that the collision would not have occurred but for his negligence in driving a vehicle with defective brakes; weaving his vehicle back and forth across the overpass; failing to keep a proper lookout; entering the overpass when it was occupied by another vehicle or driving into another vehicle when it could have been avoided in the exercise of ordinary care; and failing to stop his vehicle to avoid the collision.

The petition then alleged damages consisting of cost of repairs to combine $996.71, cost of transporting combine to South Dakota and return $127.77, new parts $220.62, extra men employed $120, a total of $1,465.10.

For the second cause of action the plaintiffs alleged that on account of the damages plaintiffs who had contracts to cut wheat lost the use of the machine and were damaged in the amount of $1,750. Judgment was prayed in the amount of $3,215.

Defendants in their answer pleaded first a general denial. Then they admitted the allegations about the vehicle being on the overpass at the time in question. They denied specifically that they were guilty of any negligence which was the proximate cause of the collision and alleged that they could not have avoided the collision; that if plaintiffs sustained any damages they were caused by the negligence of plaintiffs' driver, by failing to provide convoy

of flagmen in car ahead to warn traffic and flag bridges; by entering upon the overpass with a load in excess of 14 feet in width when he knew, or should by the exercise of due care, have known that defendants' truck was approaching it; by failing to keep a vigilant lookout for the presence of other vehicles and failing to assure himself that he had clearance for his truck and trailer with the combine; by failing to yield the right of way; by failing to have a flagman a reasonable distance west of the west end of the overpass to warn and flag traffic from the west from entering the highway; by operating their truck on the wrong side of the highway; by failing to pull their truck to the right a sufficient distance to avoid striking defendants' truck; by failing to give any warning; by driving the truck and trailer loaded with a combine upon the highway, in violation of G. S. 1949, 8-5,114; by driving the truck and trailer upon the highway, in violation of G. S. 1949, 8-5,122, and State Highway Regulation, 36-12-12; by operating the vehicles so loaded that the cutter bar and feeder bar housing extended on the left side of the vehicles across the center line of the highway; that any one or more of the foregoing acts were the sole, only and proximate cause of the collision.

In reply, the plaintiffs denied every allegation of the defendants, especially any negligence, or that they failed to provide a flagman ahead of the truck.

A jury was waived. The trial court did not make findings of fact, as requested by plaintiffs. The court did, however, file a memorandum opinion. This contained some statements that had the force and effect of findings.

The court stated the defendant driver was guilty of negligence; that both drivers approached the bridge at about the same rate of speed; that plaintiff was on the overpass 200 feet before defendant entered it; that defendant Ioerger knew how wide combines were; that defendant Ioerger was negligent in entering the overpass when plaintiff was 150 or 200 feet on it; that the rules of the highway commission required a flagman; that the court could not find that plaintiffs' combine was in a convoy; that plaintiffs did not have a flagman out; that it was negligence not to have out a flagman; that such failure was not the proximate cause of the collision; that defendant driver saw the combine on the bridge at least 100 feet before he entered the overpass so the failure to

have the flagman there was not the proximate negligence of the plaintiff.

The trial court allowed damages for repair of combine $996.71, for parts $22.48, cost of labor $60, expense of obtaining parts $100 and $600 for loss of use of combine, or in the aggregate $1,779.19. Judgment was entered accordingly.

The defendants filed a motion for a new trial on the grounds of erroneous rulings of the trial court in overruling defendants' demurrer to plaintiffs' evidence; erroneous rulings of the trial court; that the decision was in whole or in part contrary to the evidence; and that the court erroneously applied the law of "narrow bridges" contrary to the evidence.

The plaintiffs filed a motion in which they asked the trial court to modify the judgment by increasing the amount for loss of profits from $600 to $1,760 under the provisions of G. S. 1949, 60-3004, or in the alternative, to grant them a new trial on the question of damages only, on the ground that the decision awarding $600 for the loss of profits was in whole or in part contrary to the evidence; and the decision insofar as it failed to award them $1,760.04 for the loss of profits was contrary to the law.

In ruling on this motion for a new trial, the court filed another memorandum. The court stated the plaintiff did about all he had a duty to do in moving the machinery across the viaduct and the failure to have a flagman out in front in no wise contributed to the accident; that it was a 450 foot overpass and the combine was 300 feet upon it and had about 120 feet to go when the collision occurred. The court held the defendant driver saw more than any flagman would have indicated to him when he came on the overpass; that it was 24 feet wide and the combine was 14½ feet wide and the defendants' truck did not exceed 8 feet so that when the parties had utilized to the full extent of the roadway they could have passed there; that when plaintiff saw the truck he commenced pulling over to his side of the road as far as he thought he could; that defendant driver should have known it was going to be a close call with probably a foot and a half clearance and defendant driver had not testified that he had been clear at the south side of his right-hand side of the road; that when the plaintiff had tried to wave him down and was on his side of the road he was not chargeable with all the niceties that he might have been charged with had he just been or made an inspection there before-

hand and he did all that could be reasonably expected of him after he saw what was about to take place; that defendant driver was not allowing for as much room for the plaintiff to pass as he could have allowed for. The trial court overruled defendants' motion for a new trial, also the motion of the plaintiffs for a new trial on the question of damages only.

The defendants' specification of errors is the court erred in overruling defendants' demurrer to plaintiffs' evidence; in finding the plaintiffs' negligence was not the proximate cause of the collision; in failing to find that plaintiffs' negligence contributed to the collision; in applying the law of "narrow bridges" when the overpass was the same width as the highway; in not rendering judgment for the defendants; and in overruling defendants' motion for a new trial.

In the plaintiffs' specification of errors they charge the court erred in overruling plaintiffs' motion to modify the judgment or in the alternative, to grant a new trial as to measure of damages for loss of use of plaintiffs' combine and truck; in rendering judgment on the 12th day of May, 1954, wherein the court awarded plaintiffs $600 for loss of use of plaintiffs' combine and truck rather than $1,750, as shown by the uncontroverted evidence to be the proper measure of loss of use; in overruling the motion to join Lawrence B. Dittmer as a party plaintiff.

The parties state the questions to be:

"1. Did the District Court err in overruling Appellants' demurrer to Appellees' evidence?

"2. On hearing all of the evidence did the District Court err in finding and entering judgment for the Appellees and against the Appellants?

"3. Did the District Court err in its measure of plaintiffs' damage for loss of the use of combine and truck?

"4. Can the Supreme Court set the amount of judgment from the evidence contained in the transcript?"

Defendants argue the plaintiffs' evidence conclusively shows the driver of the truck pulling the combine was guilty of knowingly proceeding upon the overpass without having a convoy of flagman in car ahead of load to warn traffic and to flag bridges, contrary to the above regulation; he knowingly proceeded upon the overpass without having any person at the west end of the bridge to warn traffic and flag them down; he knowingly entered the overpass by pulling out of his proper half of the

highway, extending over into and driving with his load protruding on the left half of the highway, contrary to G. S. 1949, 8-537; that when he observed the appellants' truck a quarter of a mile west of the overpass he was traveling approximately 25 miles per hour, estimated appellants' speed at 30 miles per hour, he was alarmed because it was weaving, he didn't know how wide the overpass was, yet the truck came on, and Dittmer kept on going west when he could have stopped; when Dittmer saw appellants' truck coming on he slowed up and started pulling over to his side of the road, indicating he was going to make a clearance, then straightened up without doing so when he thought his load was safely inside the banisters when he knew, or should have known, his load would clear the banisters, thus inducing appellant driver to come on until he straightened up; by having within his own knowledge the type of load he was carrying on the low trailer which was not apparent until oncoming traffic was close and by having failed to stop at any time from the time he first had apprehensions until after the collision; by at all times after seeing appellants' truck taking the attitude: "Well, I figured that I was on the overpass and he seen me and that beings I was already on the overpass he would stop."

Defendants cite G. S. 1949, 8-537. This is the section which requires vehicles to be driven on the right-hand side of the highway. There is no dispute about such being the law. The dispute in this action is actually whether each driver kept to his side.

G. S. 1949, 8-5,114 fixes the width of vehicles as 8 feet ordinarily not to exceed 10 feet for a farm tractor and 8 feet, 6 inches under certain circumstances. G. S. 1949, 8-5,122 provides the highway commission and local authorities may under certain circumstances issue permits for wider loads. This record discloses, the driver of this truck stopped at Belleville, Kansas, and secured such a permit for this particular combine. Its width is 14½ feet.

Regulation 36-12-12 of the highway commission provides as follows:

"Loads more than 12 feet wide require convoy of flagman in car ahead of load, to warn traffic and to flag bridges. Loads of 18 feet width or more require convoys, one preceding load and one following load. Loads more than 65 feet in length, require convoy with special attention to curves,

bridges and underpasses. Loads 16 feet high or more, are required to have a permit from the County Clerk of each county through which the load passes, in addition to the oversize permit (17-1917 to 17-1920, General Statutes of Kansas). All permits which refer to county roads, or to State or Federal roads inside the limits of incorporated cities, are granted subject to arrest and fine, as for other violations."

The trial court found and there is no dispute about it that while there were three combines traveling on the highway together, this was the last one and the other two were so far ahead they did not constitute a convoy. All agree there was no flagman ahead of this combine to warn traffic or flag bridges. The trial court found this to be true. It found also such failure was negligence on the part of the plaintiff driver. In this connection the trial court found, however, that such was not the proximate cause of the collision. This finding of fact was based on substantial evidence that plaintiff could be seen on the overpass by the defendant driver when he was a considerable distance from the place where the approach to the overpass started. Such a finding so supported takes the matter of failure to have a flagman on the road ahead of this combine out of this case. (See *Gabel v. Hanby*, 165 Kan. 116, 193 P. 2d 239.)

Defendant argues this appeal as though the uncontroverted evidence was that plaintiff was so far over the center line of the bridge that there was not room for defendant driver to pass. This is not what the record discloses. The plaintiff driver stated on the witness stand that when he first saw defendants' truck it was weaving from side to side of the road, was going east, and spent a lot of its time on the south side of the road; and that he waved his arm and signaled to him. He testified:

"Well, I slowed up and pulled over to the side just possibly as far as I could and he just kept on coming and when he passed my cab I could right away see he was going to hit. When he was approximately 30 to 50 feet away from me he weaved in a little bit as he had been doing when I seen him coming before. I knew he was going to hit me then."

All agree the overpass was 26 feet wide and the combine was 14½ feet wide. If plaintiff driver did pull over to the right as far as he could and the trial court had a right to believe him, then there was a space of 11½ feet in which defendant driver could drive his truck. His truck was only 8 feet wide, so he actually had a margin of 3½ feet in which to pass. The trial court heard the witnesses testify. Defendants print a great deal of the record in the form of questions and answers. Actually they ask us to read this record and reach

a different conclusion as to the facts than was reached by the trial court. On the consideration of a demurrer to the evidence, we cannot do that.

In *Nigh v. Wondra*, 167 Kan. 701, 208 P. 2d 239, we said:

"It should, however, be pointed out that while appellant is entitled to a review of the issue to which we have just referred there is nothing about the unusual circumstances which bring it here to detract from the force and effect of the elementary and long established rule. (*Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538; *Langston v. Butler*, 165 Kan. 703, 199 P. 2d 190), that in testing evidence as against a demurrer it is to be given a liberal construction, including the resolving of all doubts against the litigant challenging its sufficiency, and that when so considered if there is any evidence to sustain a cause of action the action of the trial court holding to that effect must be upheld."

There is nothing in this record to take this case out of the above rule.

The trial court did not err in rendering judgment for plaintiffs.

Plaintiffs cross-appealed from the judgment of the trial court overruling their motion for a new trial on the question of damages only. In this cross-appeal plaintiffs ask us to weigh evidence and reach a different conclusion on the facts than was reached by the trial court. This we cannot do, since there was substantial evidence to sustain the finding.

The judgment of the trial court is on the appeal and the cross-appeal affirmed.