Thomas Stanley **MILLER**, Appellant,

v.

Jesse B. **IRBY**, Appellee.

No. 5117.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1955.

Coleman Hayes, Oklahoma City, Okl., for appellant.

Gus Rinehart, Oklahoma City, Okl., for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

In this jury-waived personal injury and property damage suit, arising out of a collision of two automobiles at a highway intersection, the trial court found the defendant-appellant guilty of negligence and the plaintiff-appellee "entirely free from fault". This appeal is from a judgment for the plaintiff based upon those findings. Appellant concedes the sufficiency of the evidence to support a finding of negligence, and the only question on appeal is whether the appellee was guilty of contributory negligence as a matter of law, barring recovery.

Invoking Section 6, Article 23 of the Oklahoma Constitution to the effect that "The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury", appellee says that the trial court was precluded from holding the plaintiff guilty of contributory negligence as a matter of law. But, we have recently held, in accord with our previous holdings, that the foregoing constitutional provision is not controlling in trials in federal courts. Basham v. City Bus. Co., 10 Cir., 219 F. 2d 547; Diederich v. American News Co., 10 Cir., 128 F.2d 144; and see also Oklahoma Natural Gas Co. v. McKee, 10 Cir., 121 F.2d 583. The defense of contributory negligence is not always a jury question in federal courts. Like primary negligence, it must not only be pleaded but supported by some evidence. And see Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925. If the proof is all one way, the federal court is required to decide the question of fact which the

944

trial court, sitting without a jury, has the right and duty to resolve. Oklahoma Natural Gas Co. v. McKee, supra.

The evidence most favorable to the appellee is to the effect that as he approached the intersection of Oklahoma highways 18 and 39, traveling west on Highway 39, he stopped at the stop sign approximately 175 feet from the center of the intersection and proceeded from that point four or five miles per hour, intending to cross the intersection. When he was 15 or 20 feet from the center of the intersection, he looked both right and left, and not seeing any car on Highway 18, proceeded into the intersection. Upon reaching the center of the intersection, he looked to the left to see appellant's car about 100 feet away traveling approximately seventy-five or eighty miles per hour. When the rear of his car was about the center of the intersection, he was struck by the appellant, causing property damage to his automobile and physical harm to himself. Highway 18, upon which appellant was traveling in a northerly direction, is a "through highway" without stop signs. Highway 39, on which appellee was traveling in a westerly direction, is marked by stop signs on the east and west of the intersection.

The applicable Oklahoma statute, Title 47 O.S.Supp. § 121.6(d), provides that "The driver of a vehicle shall stop as required by this Act at the entrance to a through highway, and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway, or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

Appellant argues that since the statute requires the unfavored driver to stop his vehicle at the "entrance to a through highway," and since appellee admittedly stopped 175 feet east of the entrance, he violated the statute and is therefore guilty of contributory negligence per se.

Certainly no one can validly contend that merely stopping at the stop sign 175 feet from the entrance to the intersection constituted compliance with the letter or spirit of the statute requiring the driver of a motor vehicle to stop at the "entrance" to the intersection, any more than it can be said that stopping at the entrance to the intersection gave the motorist a license to proceed into the intersection with impunity. The purpose of the statutes and the rules of the road is to impose a standard of care commensurate with the hazard involved, and the requirement that an unfavored motorist shall stop at the entrance of the intersection is but a recognition of the necessity for orderly traffic based upon rational and common sense considerations.

In obedience to that concept, the courts have generally said that the proper place to stop in compliance with the statute or regulation is a question of fact, depending upon attending circumstances, such as topography and obstructions. See Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 2, § 1035, p. 340; and see Cole v. Sherrill, La.App., 7 So.2d 205, quoting Blashfield; Applebee v. State, 308 N.Y. 502, 127 N.E.2d 289. Construing an identical statute, the Minnesota court said, "The variation in conditions has led many courts to adopt a rule requiring the driver of a vehicle approaching a through street to stop at a place where he may effectively observe approaching traffic." Bohnen v. Gorr, 234 Minn. 71, 47 N.W.2d 459, 463. The Oklahoma courts have said that it was not "intended that motor vehicles should stop at the exact spot or place where the sign was erected, but it was intended as a warning to stop at the intersection." Carpenter v. Snipes, 203 Okl. 534, 223 P. 2d 761, 767. But we do not understand the Oklahoma court to mean that the failure to stop at the intersection is negligence as a matter of law.

At least one state has statutorily provided that failure to observe a stop sign as required by statute, while evidence of negligence, is not negligence per se. Lee v. Robertson Chemical Corp., 229 N.C. 447, 50 S.E.2d 181; Sebastian v. Horton Motor Lines, 213 N.C. 770, 197 S.E. 539. Other courts by rule of decision have rejected the contention that the violation of the statutory duty to stop at the entrance to a through highway is in and of itself conclusive evidence of either negligence or contributory negligence. LeBavin v. Suburban Gas Co., 134 N.J.L. 10, 45 A.2d 664; Costanza v. Cavanaugh, 131 N.J.L. 175, 35 A.2d 612. Still other courts have held that failure to stop at stop signs erected under statutory authorization does not create an immutable standard of conduct for motorists, the violation of which courts must declare to be negligent regardless of all other facts and circumstances. Rodenkirch v. Nemnich, Mo.App., 168 S.W.2d 977; State v. Adams, 359 Mo. 845, 224 S.W.2d 54; Watson v. Long, Mo.App., 221 S.W.2d 967. While Oklahoma has not construed its statute in this regard, we feel justified in the assumption that it would construe its uniform code in accordance with the prevailing view.

But even though the failure to stop at the entrance of the intersection may be said to be contributory negligence per se, it is not actionable unless it is also shown that such contributory negligence was the proximate cause of the harm. Vaas v. Schrotenboer, 329 Mich. 642, 46 N.W.2d 416; Greene v. M. & S. Lumber Co., 108 Cal.App.2d 6, 238 P.2d 87; McWane v. Hetherton, 51 Cal.App.2d 508, 125 P.2d 85; Shipp v. Ferguson, La.App., 61 So.2d 531; Maust v. Ioerger, 280 P.2d 566; Miller v. Abshire, La.App., 68 So.2d 143. And, whether a violation of a statute or traffic regulation is the proximate cause of a collision is usually for the jury. Blashfield, Vol. 10A, § 6601, p. 318.

Certainly there was evidential room for the trial court to say that the failure to stop at the entrance to the intersection was not the proximate cause of the collision. While the trial court had no occasion to specifically treat the question of proximate cause, its finding that the appellee "stopped prior to entering the intersection, and at the time he started to cross, the intersection appeared perfectly safe and clear" is certainly broad enough to negate any inference that the contributory negligence, if any, proximately caused the collision.

The judgment is affirmed.