No. 40,065

HARVEY D. JONES, *Appellee,* v. LARRY WINN and JACK SENTER, Co-Partners doing business under the Firm Name and Style of WINN-SENTER CONSTRUCTION COMPANY, and WINN-SENTER CONSTRUCTION COMPANY, a corporation, *Appellants.*

(297 P. 2d 199)

Opinion filed May 5, 1956.

*David R. Hardy,* of Kansas City, Mo., argued the cause, and *John E. Blake, Bill E. Fabian,* and *Robert E. Fabian,* all of Kansas City, and *Sam B. Sebree, Edgar Shook, James H. Ottman,* and *Lane D. Bauer,* all of Kansas City, Mo., were with him on the briefs for the appellants.

*Thomas E. Joyce,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins,* and *Harold K. Wells,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Defendants appeal from an order of the trial court overruling their demurrer to plaintiff's evidence introduced in an action for damages based on negligence.

Since no question was raised about the pleadings, they need not be set out, and we will proceed directly to the question of whether plaintiff's evidence sufficiently constituted a cause of action based on negligence when challenged by defendants' demurrer. We shall continue to refer to the parties as plaintiff and defendants.

Early in the proceedings it was admitted by both the answer and statements of defense counsel that David Couch was at the time material hereto the agent and employee of defendants and was acting as labor steward for them. The term "labor steward" had to do with relations between the labor union and defendants and had no bearing on any of the issues between the parties to the lawsuit.

Plaintiff, a pipe or steam fitter, was an employee of a plumbing company which was installing boilers in the heating system of the new high school building at Turner under a direct contract with Turner High School District No. 2. Defendants had the contract

to erect the buildings, but there was no contractual relationship between the plumbing company and defendants. To make the boiler installation and to anchor the legs of the boiler properly it was necessary to bore holes into the concrete floor with an electric drill. Plaintiff had no heavy duty electric extension cord to connect to his drill so he went to the second floor of the building where electricians were using a long extension cord and after conversation with two different people, the last one being David Couch, he got the cord. From where plaintiff was going to use the electric drill, the nearest available electric plug was across the boiler room, up through a window, and across an adjoining room. There was some conflict as to how long the cord was but it covered the distance. Plaintiff was drilling the last necessary hole when the cord was suddenly jerked. This caused plaintiff to lose his balance. He struck his left elbow on the leg of the boiler. There was a great deal of noise caused by the construction operations of a number of other workmen near the place where plaintiff was working in the basement. Before the cord was jerked plaintiff heard no one yell and afterwards he went outside, up a ramp and Couch was there. The cord had been knotted so it would not come out of the plug and when plaintiff saw Couch he was trying to pull the cord through the window but plaintiff had to disconnect it and then Couch started pulling it through the window. Couch stated that he had to have the cord right away; that he had some concrete coming and he had to use it for the vibrator. The vibrator was later explained to be a machine to settle the concrete in upright forms by the vibrations of the machine.

On cross-examination plaintiff testified that some bricklayers were encasing the same boiler that plaintiff was anchoring. Cross-examination also showed that the cord had been used by electricians on the job who were not the employees of defendants and plaintiff himself had used it a number of times off and on during the two or three months he had worked on the job. On redirect examination plaintiff stated the cord was used all over the job and "was sort of common property."

Couch testified he just pulled the cord after calling into the boiler room that he had to have defendants' cord and someone replied, "All right," whereupon he pulled the cord on out. The cord was the property of Winn-Senter and Couch had been directed by his labor foreman to get the cord. Couch was not positive as

to the time or particular days when different matters occurred as to when the cord was pulled, or when plaintiff mentioned to him about the elbow injury. He denied that he had conversed with plaintiff about plaintiff's use of the cord, or that plaintiff came to him immediately after his pulling the cord but he thought the cord was being used because it was connected and running through the boiler room. Couch testified on redirect examination that plaintiff came on the job one morning and told him that when he (Couch) had pulled that cord it caused plaintiff to bump his elbow. There were a number of discrepancies between the testimony of the two witnesses for plaintiff and these were well argued by defendants.

At the conclusion of plaintiff's evidence a demurrer was directed thereto as to its sufficiency to set out a cause of action, which was overruled by the trial court. The instant appeal followed.

In an appeal from a ruling of a trial court on a demurrer testing the sufficiency of the evidence this court has invariably held that all evidence will be considered as true and the court will not weigh such evidence even though there may be certain contradictions and discrepancies between the direct and cross-examination or among the witnesses. All favorable inferences which may reasonably be drawn therefrom will be given to a plaintiff's evidence and if there is any evidence which sustains his case, the demurrer will be overruled. (*Bessette v. Ernsting,* 155 Kan. 540, 127 P. 2d 438; *Maust v. Ioerger,* 177 Kan. 558, 280 P. 2d 566.)

In view of the stipulation that Couch was the agent and employee of defendants, that point does not need to be labored herein. While defendants set out in the record the fact that Couch had no authority to loan the cord, we do not feel this one fact alone should vitiate the trial court's ruling on the demurrer in this case. The principal point is whether plaintiff showed facts sufficient to constitute actionable negligence on the part of defendants. It is true that such negligence had to be established, if at all, by circumstances because no one saw Couch jerk the cord. Regarding this feature, and giving every favorable inference to plaintiff's evidence, we observe the evidence showed that after the cord was jerked, plaintiff went outside to see what was wrong and Couch was up there trying to pull the cord through the window. The cord was knotted so as not to allow a disconnection from the plug, plaintiff disconnected it, and Couch started pulling the cord through the window.

Although the evidence is circumstantial since there were no actual eyewitnesses who saw Couch jerk the cord, we believe it is sufficient to pass the test prescribed by this court in former decisions that a fact may be proved by circumstances when direct evidence is not produced. The standard is set up in many cases, but we will cite only a few. (*Jelf v. Cottonwood Falls Gas Co.*, 162 Kan. 713, 178 P. 2d 992; *Wills v. Lehigh Portland Cement Co.*, 165 Kan. 546, 195 P. 2d 574; *In re Estate of Modlin*, 172 Kan. 428, 241 P. 2d 692; *In re Estate of Hayden*, 174 Kan. 140, 254 P. 2d 813.)

Defendants contend that hearsay evidence could not be considered as part of the *res gestae* and, therefore, its admission was error and they further contend that plaintiff was only a licensee in using the cord. We can see no merit in those contentions on this appeal in view of what we have herein said regarding a cause of action being sufficiently proved to withstand an attack by demurrer. (*Balthazor v. B & B Boiler & Supply Co.*, 169 Kan. 188, 192, 217 P. 2d 906.)

The order overruling defendants' demurrer to plaintiff's evidence is affirmed.