Dorotha L. CHAMPLIN, Appellant,

v.

OKLAHOMA FURNITURE MANUFACTURING COMPANY, a corporation, and The Evans Company, d/b/a Big Red Warehouse, Appellees.

No. 5985.

United States Court of Appeals Tenth Circuit.

Aug. 7, 1959.

Delmer L. Stagner, Oklahoma City, Okl. (LeRoy Powers, Stagner, Alpern, Powers & Tapp, Oklahoma City, Okl., were with him on the brief), for appellant.

Walter D. Hanson, Oklahoma City, Okl., for appellees.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant questions the properness of an adverse summary judgment rendered against her by the court after consideration of the pleadings, depositions, and answers to interrogatories obtained through discovery procedures.

Alleging diversity jurisdiction, plaintiff filed a tort action in the District Court for the Western District of Oklahoma against defendant-appellee, a furniture manufacturer. Claim was made that she had suffered personal injuries from a fall occasioned by the collapse of a chair alleged to have been negligently designed, manufactured, assembled, handled and placed in the channels of commerce by defendant. By answer and in addition to general denials, defendant alleged that the chairs it had manufactured had been sold to the Evans Company, a retailer, upon an "as is" basis, without warranty, and with the understanding that the Evans Company would repair the chairs before sale to the public; that such repairs were undertaken by the Evans Company and that as a consequence any liability to plaintiff was solely that of Evans Company; finally, that plaintiff for a consideration had executed a covenant not to sue the Evans Company. Defendant also filed a third-party complaint against the Evans Company asking for recovery over should

plaintiff obtain judgment. In turn, the Evans Company answered, denying it had agreed to or had repaired or altered the chair; alleged that the chair was defective in original manufacture and then counterclaimed for the equivalent sum paid to plaintiff for her covenant not to sue.

It is apparent that the cause was not ripe for summary judgment based upon the pleadings alone as the issues as thus formed highlight an effort between manufacturer and retailer to fix legal blame upon each other.

Plaintiff, by deposition, testified that while shopping for furniture in the store of the Evans Company she sat in the subject chair, fell backwards, and was injured; that she could describe the chair only generally and that she could not produce it as an exhibit. Other witnesses whose depositions were taken consisted of employees and officers of the retailer and manufacturer. The employees testified in complete conflict concerning the condition of the chair after the accident. Each had been directed to the chair by an unidentified person and had inspected it. It was variously described as having "a broken spring," "a spring out of the bracket," "two screws loose" and "a completely broken base." Officers of the companies testified to the circumstances of the sale of the chairs from appellee to the Evans Company. The statements of none of the deponents (plaintiff of course excepted), testifying as they were to matters beyond plaintiff's knowledge, were admitted to be factually correct as deposed.

Plaintiff did make several admissions by way of answers to interrogatories which were considered by the trial court and which we deem to have been properly considered although such answers are not specifically brought within the scope of consideration on summary judgment by Rule 56(c), 28 U.S.C.A., and there has been some diversity of opinion among the circuits as to whether they should form a part of the record for this pro-

cedure. In Town of River Junction v. Maryland Casualty Co., 5 Cir., 110 F.2d 278, 283, it is said, "Such interrogatories are exploratory, intended to find out facts and witnesses and documents so the propounder may thereafter prepare to prove his case in an orderly manner. They are not 'depositions' referred to in Rule 56 as to be considered on summary judgment." This view was rejected by American Airlines, Inc. v. Ulen, 87 U.S. App.D.C. 307, 186 F.2d 529; Gasifier Mfg. Co. v. Ford Motor Co., D.C.E.D.Mo., 1 F.R.D. 10, appeal dismissed, 8 Cir., 116 F.2d 498; and numerous other district courts.

In many instances, the answers to interrogatories do appear as admissions within the language of Rule 56(c), and, additionally, Rule 33 provides that the answers to interrogatories may be used to the same extent as provided by Rule 26(d) for the use of the deposition of a party. We conclude, therefore, with the majority of courts which have considered this question, that interrogatories and answers thereto may properly be considered when ruling on a motion for summary judgment.

In answer to propounded questions plaintiff admitted that the subject chair was one of a group of chairs sold by appellant to the Evans Company upon an "as is" basis; that the sale was at a reduced price and after a visual inspection of them by the retailer; that the sale was without warranty. And by way of an amended answer to an interrogatory not reproduced in the record [1] plaintiff stated:

> "The plaintiff, pursuant to agreement before the court on April 24, 1957, amends her Answers to Interrogatory Number 3 to amplify such Answer by adding the following:

> "With reference to sub-paragraphs (b) and (c), the plaintiff believes and therefore contends that one of the coil springs used by the defendant in the manufacture and

---

1. Nor is the original answer or the proceeding referred to reproduced.

assembling of the chair was not fastened to the bracket, causing the chair to be completely unstable and dangerous, and that the spring used was broken, which facts the defendants' agent knew or should have known; that said chair was placed in the channels of commerce as thus defectively manufactured and assembled with knowledge that when it would be used by members of the public for the purpose for which it was manufactured it would topple and would likely cause an injury to such user."

In apparent contradiction to the above-quoted limiting statement, plaintiff resisted the motion for summary judgment with a "statement of evidence plaintiff will produce upon trial.":

"Plaintiff will further prove by a safety engineer that all of the chairs of this design were so defectively designed that they could not safely be used for the purposes for which they were manufactured, that is that these chairs could not be used for sitting purposes without a great likelihood or probability that they would tip over backwards, and that this condition was inherent in the design of the chair and could not be repaired or corrected except by a complete remanufacture of the chair with parts of different dimensions and strength, and that such defective design was the proximate cause of the plaintiff's injury."

From the depositions of officers of appellee and the Evans Company it appears that the chairs were known to be defective in manufacture (not design) by both buyer and seller and that each chair was inspected by the repair department of the Evans Company and actually repaired when deemed necessary by that company before being offered for sale to the public. An employee of the Evans Company stated that all repairs that could be made, were made, short of complete remanufacture. From this basis, the trial court found as undisputed that the "defendant (manufacturer) could not reasonably have been expected to foresee that the Evans Company would place the chair on the market before correcting all defects therein"; "that plaintiff is unable to prove by her own testimony or testimony of others what defect existed in the chair in which she sat * * *"; that "plaintiff upon trial would be unable to sustain the burden of proof"; that the Evans Company activities constituted an intervening cause so that "defendant's negligence, if any, in the manufacture of these chairs was not the proximate cause of plaintiff's injury."

It is clear that plaintiff can offer evidence that she suffered injury when she sat in an unsafe chair manufactured by appellee and by so doing that she makes a prima facie case. The duty resting upon a manufacturer of chattels under Oklahoma law was defined in Crane Co. v. Sears, 168 Okl. 603, 35 P.2d 916, and recently affirmed in Gosnell v. Zink, Okl., 325 P.2d 965, 967:

"Where a manufacturer with information before him of the nature of the use to which an article manufactured by him is to be put and from the nature of such use must know that if the article when put to such use, if defective, will be imminently dangerous to persons who he knows must come in contact therewith, a duty rests upon such manufacturer to use ordinary care to ascertain the condition of the article to see that it is safe. If he fails to exercise ordinary care in this regard, and as a result sells the article in a defective condition, he is liable for personal injuries to that class of persons who must necessarily come in contact with such article, and liability is not limited to those with whom the manufacturer contracts."

Since the rule of the Crane case is an adoption of the duty imposed upon the manufacturer in section 395 of the A.L.I.Restatement of the Law of Torts, it is logical to assume that the ramifications and limitations of that rule are within

the contemplation of the Oklahoma law. Comment D under section 395 states:

"Ambit of liability. The words 'those who lawfully use the chattel' include not only the vendee but also all persons whose right or privilege to use the article is derived from him, *unless* the nature of the article or *the conditions of the sale make it improbable that the article will be resold* by the vendee *or that he will permit others to use it* or share in its use. Unless the article is made to special order for the particular use of a particular person, the manufacturer must realize the chance that it may be sold. *This becomes a substantial certainty where the article is sold to a jobber, wholesaler or retailer. * * * *"* (Emphasis added.)

██ It appears, therefore, that if the conditions of the sale made by appellee to the Evans Company were admittedly such as to impose upon that retailer a duty to repair and that the manufacturer could reasonably rely upon the performance of that duty, the failure of which caused the injury, then the cause could be decided summarily. If the negligence of the second actor is the moving force which climaxes the danger and brings the injury into being, it is held that the first actor is not liable to the injured person since his negligence was remote, unless he should have anticipated and provided against the occurrence of the second act of negligence, City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277; Crude Oil Contracting Co. v. Insurance Co. of North America, 10 Cir., 118 F.2d 476; Pollard v. Oklahoma City Ry. Co., 36 Okl. 96, 128 P. 300, Ann.Cas.1915A, 140.

██ But the admission of an "as is" sale *does not carry with it, as a matter of law,* any ramifications beyond that of lack of warranty between seller and buyer. A manufacturer selling a chair to a retailer must, in the ordinary·course of events, anticipate resale of the article to an ultimate user and is not freed of all duty to that user by the simple method of selling "as is." If the conditions of sale are claimed to be more particularized such fact is subject to all the tests of *credibility and presents an issue that cannot be tried by affidavit.* And this is true even though no affirmative contradictory evidence is available to plaintiff especially, as here, when such claim is contradicted by the pleadings filed by manufacturer and retailer. And in the instant case, plaintiff has further offered to prove that the cause of her fall was faulty design, a manufacturing negligence separate from construction defects. If such claim can be substantiated, the trier of the facts may determine such to be the proximate cause of her fall. Her claim in this regard, upon motion for summary judgment, must be given equal significance to that of her offer of proof of a specific defect.

██ Quite possibly plaintiff may encounter extreme difficulty in meeting her burden of establishing proximate cause. But we cannot say she has summarily failed as a matter of law. Proximate cause is often left to permissible inferences from established facts, Pryor v. Lee C. Moore Corp., 10 Cir., 262 F.2d 673. Although by deposition a plaintiff may conclusively demonstrate the objective falsity of allegations of fact contained in his complaint and render imperative summary denial of his claim, Southern Rendering Co. v. Standard Rendering Co., D.C.E.D.Ark., 112 F.Supp. 103; and affidavits by others may likewise require rebutting evidence from plaintiff, Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; there is no burden on plaintiff to establish her entire case in a pre-trial deposition, William Goldman Theatres v. Twentieth-Century Fox Film Corp., D.C.E.D.Pa., 151 F.Supp. 840. Summary relief cannot be imposed as trial by affidavit; such relief is drastic and can only be imposed when all facts are admitted which are determinative of duty or right. Cf. Hunt v. Pick, 10 Cir., 240 F.2d 782.

*The judgment is reversed.*