Harold **HEATH**, Jr., Plaintiff,

v.

**JOHN DEERE COMPANY OF KANSAS CITY, a corporation, and Larry Daugherty, Defendants.**

Civ. No. 69–97.

United States District Court
W. D. Oklahoma.

Dec. 1, 1969.

Paul & Al Pugh, Lester D. Hoyt, Oklahoma City, Okl., for plaintiff.

John C. Harrington, Jr., John R. Couch, Clayton B. Pierce, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Defendant John Deere Company of Kansas City (Deere) has moved for summary judgment in this case. Plain-

tiff is suing for damages arising out of an accident on a combine he alleges was manufactured by Deere. Plaintiff claims he is entitled to recover from Deere because it breached an implied warranty of fitness for use and because it was negligent in the design and manufacture of the combine. The bases of Deere's Motion for Summary Judgment are as follows: (1) There is no privity between Plaintiff and Defendant Deere, which under Kansas law is a bar to Plaintiff's action. (2) Plaintiff's deposition conclusively shows that negligence on his part was the sole cause of his injury. (3) Plaintiff was either contributorily negligent or assumed the risk of his injury and may not recover even though Deere may have been negligent. (4) Deere did not design or manufacture the combine, thus, no cause of action is stated against it.

As to the conflict of laws problem suggested by Deere's first ground, above, it appears that where the theory of recovery is based on negligence, the law to apply is that of the place of injury, in this case Kansas, as pleaded in Plaintiff's Complaint. Where the theory of the action is based on implied warranty, the law to apply is that of the place of sale of the defective merchandise, which is not indicated by the pleadings. Stubblefield v. Johnson-Fagg, Inc., 379 F.2d 270 (Tenth Cir. 1967). See, also, 2 American Law of Products Liability, §§ 9:3, 9:4 and 9:9, pp. 67–81, 86–87; 77 A.L.R.2d 1266. According to the deposition of the Defendant Larry Daugherty, he bought the combine from a dealer of Deere located in Thomas, Oklahoma. Inasmuch as Deere has invited the Court to consider, for purposes of its Motion for Summary Judgment, such matters as this deposition, the Court will take this statement by Defendant Larry Daugherty as true and not presently in dispute. Thus, it would appear that the law of Oklahoma applies on a theory of breach of implied warranty, contrary to Deere's contention. Oklahoma does not require privity in an action based on breach of implied

warranty. Barnhart v. Freeman Equipment Co., 441 P.2d 993 (Okl.1968).

With respect to the requirement of privity in an action based on negligence, the trial courts of Kansas apparently recognize a duty on the part of the manufacturer or seller to observe standards of ordinary care with respect to the design, manufacture, inspection, warnings, distribution and sale of a product, such duty running to the user of the product without any requirement of privity. See Pattern Instructions of Kansas, PIK 13.01 through and including PIK 13.05. However, the abrogation of the requirement of privity has not been clearly recognized by the Kansas Supreme Court. See Burgess v. Montgomery Ward & Co., 264 F.2d 495 (Tenth Cir.1959), discussion at pp. 496–497. Research has failed to reveal any further development of the Kansas law with regard to privity in a negligence action since the date of the *Burgess* decision, and in view of the fact that this case represents the Tenth Circuit interpretation of Kansas law, its holding that privity is not required between a seller and a user of a chattel in Kansas is highly persuasive, if not binding, authority that Kansas law does not require privity between a manufacturer and a user of an article. Nevertheless, some discussion of pertinent Kansas precedents is desirable.

In Stevens v. Allis Chalmers Mfg. Co., 151 Kan. 638, 100 P.2d 723 (1940), the court held that the manufacturer would not be liable in a case where the user knew or should have known of the danger involved in the use of a machine. The court discussed MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F 696 (1916), which eliminated the rule requiring privity laid down in Winterbottom v. Wright, 10 Mees & W. 109, 152 Eng.Reprint 402 (1842). The court apparently recognized the validity of the *MacPherson* decision but limited it to situations in which the user did not or could not know of the injury-causing defect. The court did not base its decision on lack of privity barring a cause of action based

on negligent manufacture or design, but rather on the plaintiff's knowledge and appreciation of the danger and his negligent acts which were the proximate cause of his injury. The MacPherson exception to the privity rule went no farther; it applied only where the defect was unknown or not discoverable in the exercise of ordinary care.

 The Court, therefore, concludes that under the present state of the law in Kansas, lack of privity is not a bar to a cause of action founded on negligent manufacture or design. However, Deere claims that under Kansas law Plaintiff has no cause of action on a negligence theory unless the combine involved was inherently dangerous, citing Stevens v. Allis Chalmers Mfg. Co., supra, and Anderson v. Cooper, 192 Kan. 723, 391 P.2d 86 (Kan.1964). Plaintiff has alleged that the combine auger which injured him was inherently dangerous, and further, the basis of the action in Anderson v. Cooper, supra, was not negligent manufacture but failure of a master to provide his servant safe equipment with which to work. There is nothing in the Stevens case which would support Deere's contention that Plaintiff must show that the combine was inherently dangerous. That contention is merely another way of arguing that lack of privity is a bar. See 100 P.2d at p. 728.

 Deere's next contention is that Plaintiff was solely negligent and that such negligence is conclusively shown by Plaintiff's deposition. In order to sustain this proposition, the Court would have to also conclude as a matter of law that there is no primary negligence on the part of Deere. Plaintiff has alleged as elements of primary negligence the failure of Deere to manufacture a safe combine, to inspect for latent defects, to warn Plaintiff of the dangers involved in cleaning the opening leading to the auger, to place a guard over the opening, and to place guard rails or handles so that Plaintiff could keep his footing while cleaning the auger. These allegations are denied by Deere in its Answer,

thus, putting the fact question involved in issue, i. e., whether it failed to do these things as Plaintiff alleges. It appears that there are unresolved issues of material facts involved in Plaintiff's claim that Deere was negligent, and as this claim must be resolved before the issue of Plaintiff's sole negligence may be considered, the Motion for Summary Judgment on this ground cannot be granted.

 Deere contends that as a matter of law, Plaintiff was contributorily negligent and assumed the risk of his injury. The federal courts in this Circuit are not bound by Oklahoma Const. Art. 23, § 6 which requires the submission of issues of contributory negligence and assumption of risk to the jury so long as there is any evidence to support them. Basham v. City Bus Company, 219 F.2d 547, 52 A.L.R.2d 582 (Tenth Cir.1955). However, the defenses of contributory negligence and assumption of risk are affirmative defenses to be pleaded and supported by some evidence. Miller v. Irby, 227 F.2d 942 (Tenth Cir.1955). Some evidence is required for the Court to take an issue of fact and decide it as a matter of law. Miller v. Irby, supra; Oklahoma Natural Gas Co. v. McKee, 121 F.2d 583 (Tenth Cir.1941). These cases, however, dealt with disposition of a case after evidence had been given at trial. In a summary judgment situation, it is a rare case where summary judgment may be granted resolving the issues of contributory negligence and assumption of risk as a matter of law. As was stated by Judge Lewis in Champlin v. Oklahoma Furniture Mfg. Co., 269 F.2d 918, 74 A.L.R.2d 978 (Tenth Cir.1959), a Defendant by deposition may conclusively demonstrate the falsity of allegations of fact contained in the complaint, requiring summary denial of Plaintiff's claim, but likewise there is no burden on Plaintiff to establish his entire case in a pretrial deposition. The burden, rather, is on Deere to demonstrate that there is no disputed issue of facts material to the granting of summary judgment.

Zampos v. U. S. Smelting, Refining & Min. Co., 206 F.2d 171 (Tenth Cir.1953). One issue of material fact in connection with Plaintiff's alleged contributory negligence is that of proximate cause. It is Plaintiff's contention that the proximate cause of his injuries was the negligence of Deere, and there is nothing in his deposition which conclusively demonstrates that such allegation of fact may be false. As to the defense of assumption of risk, there is authority that this defense is not available as between parties who have no contractual relationship. Sinclair Prairie Oil Co v. Thornley, 127 F.2d 128 (Tenth Cir.1942), relying on Teeters v. Frost, 145 Okl. 273, 292 P. 356, 71 A.L.R. 179 (1930), and Chicago, R. I. & P. Ry. Co. v. Rogers, 60 Okl. 249, 159 P. 1132 (1916). If this action is to be prosecuted on a theory of negligence, it is clear that there is no contractual relationship between Plaintiff and Deere whatsoever. This defense is more appropriately urged by Defendant Larry Daugherty. Under these circumstances, summary judgment cannot be granted on the grounds that Plaintiff was contributorily negligent or assumed the risk of his injury as a matter of law.

■ Deere's final contention is that it did not manufacture or design the combine, so it cannot be held liable for what it did not do. In an affidavit by Deere's Secretary-Treasurer, it is stated that the combine was not manufactured by the Defendant but by Deere & Co. of Moline, Illinois, which company owns all of the outstanding stock of the Defendant Deere. Plaintiff alleges that Deere placed the combine in the usual channels of commerce. If Deere was involved in the distribution of this combine, it may still be liable for some of the acts of negligence alleged by Plaintiff, such as failure to inspect or warn, or for some of the acts amounting to a breach of implied warranty alleged by Plaintiff. The extent of Deere's involvement with this combine is not resolved conclusively by the pleadings nor the attached affidavit, for which reason summary judgment on this ground cannot be granted.

The Motion for Summary Judgment by Defendant John Deere Company of Kansas City is denied.