## CITY OF OKMULGEE v. HEMPHILL.

No. 28038.    Oct. 4, 1938.

W. C. Alley, for plaintiff in error.

C. D. Lewis, Harry D. Pitchford, and Jack Pitchford, for defendant in error.

PHELPS, J. The plaintiff recovered a verdict and judgment against the city of Okmulgee and James Hess for personal injuries from being struck by an automobile driven by Hess. The judgment became final as to Hess. The city appeals.

At about 7:30 p. m. on March 30, 1935, the plaintiff was walking north on the west sidewalk of Porter avenue within the city of Okmulgee, accompanying a lady to a picture show. They came to the intersection of Porter avenue and Eighth street. This placed them on the southwest corner of the intersection. They stepped down off the curb at that corner and proceeded north across Eighth street toward the northwest corner of the intersection. There had been

a hard rain that afternoon and the storm sewer catch basin in the curb at the northwest corner was either of insufficient dimensions to carry off the water or it had become clogged. This caused water which had not yet drained off to gather in a pool in Eighth street and Porter avenue at the northwest corner. Accordingly, when plaintiff and the lady approached the curb, to step up on the sidewalk at that corner, they found that a pool of water about four feet wide was in their path. They would either have to wade through the pool or jump it in order to get on the sidewalk. They walked toward the northwest, to go up over the parkway, and thus keep out of the water. After they had proceeded four or five steps toward the west or northwest, in the street, plaintiff was struck by an automobile approaching from the east on Eighth street, and being driven by the defendant Hess. The defendant Hess is not connected in any official capacity with the defendant city. It was shown that he was speeding, driving without lights, and violating several city ordinances. As stated above, he does not appeal.

The defendant city contends first that the accumulation of water in the street, under the circumstances, was not negligence, and, second, that even though same be considered negligence, still it was not the proximate cause or even a concurring cause of plaintiff's injury, but that the negligence of Hess was the proximate cause thereof. After thorough consideration we are of the opinion that the second contention is correct, which makes it unnecessary to consider the question of negligence itself.

Assuming, without deciding, that it was negligence on the part of the city to permit its sewer or street to remain in such condition as to leave the pool of water in the pathway of pedestrians, still it does not follow that the city is liable for such negligence unless same was a proximate cause of the accident. In order that a defendant be liable under such circumstances his negligence need not be the sole cause, but it must at least be a concurrent cause. As stated in Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okla. 149, 61 P.2d 1045, if the negligence merely creates a condition by which the injury is made possible, and a subsequent independent act of some other person causes the injury, the defendant is not liable. This is because the negligence is not the proximate cause of the injury. In the second court syllabus of that case we said:

452

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

We state at this point that the question whether the city would be liable should it force a pedestrian into a crowded, dangerous traffic area, the pedestrian being forced there because he had no other choice, is not before us. That was the situation in the Missouri cases, hereinafter cited. We express no opinion on whether that would make a difference, but leave the situation to be met when it arises. The evidence reveals that in the instant case the automobile which struck plaintiff was the only car in sight, in any direction. Under the circumstances of the case the most that can be said is that the pool of water caused the plaintiff to take a course where he would·be more likely to be struck than if he were on the sidewalk. And when this is said, then all that has been said is that the pool of water constituted merely "a condition" by which the injury was made possible, within the meaning of the Munroe Case, supra, and the decisions from other jurisdictions hereinafter discussed. See those authorities, infra, and 17 A. L. R. 646, annotation.

It might be said that but for the presence of the water the plaintiff would have been on the sidewalk and on his way, before Hess's car reached that point; that, therefore, but for the pool the accident would not have occurred. It could with equal logic be said that had not the plaintiff stopped and discussed the weather with some acquaintance down the street, he likewise would not have been struck. It must be borne in mind that when we say that "but for" the pool of water he would not have been struck, it does not follow that the pool of water **caused** the injury, or even helped cause it. In order truthfully to say that proximate cause exists, there must be some actual causal connection between the negligence and the injury. Had plaintiff gotten stuck in the water or mud, if any, or had he slipped and the automobile struck him there, or had the car skidded in the water and resultingly veered into the plaintiff, the two acts of negligence, that of the city and that of Hess, would possibly be joined; there would be something to "tie them together"

in the common result which they both had concurrently caused. See the Storey Case, infra.

Negligence, to render a person liable, need not be the sole cause of an injury. Where several causes combine to produce an injury a defendant is not relieved from liability because he is responsible for only one of them. It is sufficient if his negligence is an efficient cause, without which the injury would not have resulted. Where several causes producing injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes. Northup v. Eakes, 72 Okla. 66, 178 P. 266.

But what **are** "concurrent" causes? Concurrent causes are causes acting contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either. St. L., etc., R. Co. v. Bell, 58 Okla. 84, 159 P. 336, L. R. A. 1917A, 543; Muskogee Vitrified Brick Co. v. Napier, 34 Okla. 618, 126 P. 792. It is important to distinguish between concurrent cause and a mere condition. For the former a defendant is liable, for producing the latter he is not, as a general rule. It may be stated generally that in order for causes to be concurrent they must join with each other in some manner to produce the injury. If two distinct causes are successive and unrelated in operation, they cannot be concurrent; one of them must be the proximate and the other the remote cause. Pollard v. Oklahoma City Ry. Co., 36 Okla. 96, 128 P. 300, Ann. Cas. 1915A, 140. However, an exception exists where the creator of one cause should reasonably have anticipated the occurrence of the other cause, which is not the case here, as will be seen below.

The present situation is similar to cases where a sidewalk has been obstructed in some manner by the city, or by the city's permission. There are several instances of record where persons in walking around such obstructions have been struck while in the street, and in every case we have found on the subject, excepting cases from the state of Missouri, it has been held that such was merely a condition making the injury possible, · as distinguished from a concurrent cause. The Missouri case, to the contrary, is Shafir v. Sieben (Mo.) 233 S. W. 419, 17 A. L. R. 637. Daneschocky v. Sieben, 195 Mo. App. 470, 193 S. W. 966, reached the same conclusion on the question of proximate cause. However, as

stated, that view seems to be in the minority.

In Jones v. City of Ft. Dodge, 185 Iowa, 600, 171 N. W. 16, where a boy while on the street was struck by an automobile and killed, it was held that the fact that travel on the sidewalk was obstructed because of the sidewalk being housed over during reconstruction of a building, thereby causing pedestrians to travel in the street, was not the proximate cause of the injury so as to make either the city or the contractor liable. The fact, as here, was that there was no vehicle upon the street except the car which struck the boy, and a streetcar a short distance away. Furthermore, the boy and the automobile were close to the curb at the time of the accident, as in this case. The court said:

"It naturally follows also that the acts of the defendant city, such as they were, were remote, and not proximate, in their causal relation to the collision which caused the death of the decedent. At the time the boy passed from the sidewalk to the pavement for the purpose of passing along the housing in question, there was no danger apparent, and none actually existed so far as the condition of the street was concerned. It is alleged in the petition that it was a crowded thoroughfare. But there was neither man nor vehicle upon it at this time. It would be difficult to conceive of a safer situation presented upon a public street. The sudden appearance of the automobile and the disregard of its driver of the safety of the decedent was clearly an active and efficient cause of the injury. It was the intervention of an independent event involving human responsibility. Except for this intervening event, the accident could not have happened. It will serve no useful purpose to enter upon a discussion of the question of proximate cause. The question is often a difficult one, and the books are full of discussion thereon. We think, however, that the question as presented herein is not a doubtful one, and that the act of the automobile driver must be deemed as the independent and efficient and proximate cause of the accident, and that the defendant city is in no manner responsible therefor."

In Storey v. Mayor, etc., of City of New York, 29 App. Div. 316, 51 N. Y. S. 580, it was held that a mound of earth in a city street around which pedestrians, because of an excavation in the sidewalk, were obliged to go, was not the proximate cause of injury to a boy who was struck by a wagon as he passed around the mound, the view of both the driver and the boy being obstructed by the mound. Observe in the following quotation therefrom the similarity in the cases, and also the illustration concerning lack of connection between the natural and probable results of the two alleged acts of negligence:

"That there may be more than one proximate cause, and that more than one defendant can be held for negligence resulting in injury, is certain, both in reason and authority. * * *

"So, in the case at bar, if it were claimed that while passing around the mound of earth the plaintiff tripped over it, and was thrown upon the track, and there injured by the cart, or if, in a supposable case, the driver of the cart, by striking the mound of earth without fault on his part, had been thrown out, and injured by another passing wagon, then, upon the proof that it was negligence on the part of the city to permit the mound of earth to remain in the street, we would have a case where the proximate cause of the injury was the negligence of the city. Here, however, the boy did not interfere with the mound of earth, nor did it in any way impede or interfere with the boy's movements, beyond compelling him, on account of its height, to pass around it; and while so engaged he was injured, because, as it is claimed, his vision was obstructed by the height of the mound of earth, which prevented his seeing the wagon, or the driver of the wagon from seeing him. We are thus brought back to where we started; that is, the question as to whether the mound of earth can be regarded as the proximate or efficient cause, or one of the proximate or efficient causes, of the accident."

In South-Side Passenger Ry. Co. v. Trich (Pa.) 11 Atl. 627, plaintiff's wife was jolted off the platform of a streetcar by the negligence of the street railway company. She alighted on her feet, unhurt. While standing there she was struck and injured by a runaway horse and buggy. According to the same general reasoning as used in the other cases, supra, it was held that the negligence of the street railway company, in jolting her off the car, was not a concurring cause. While it is unnecessary for us either to go so far as to approve or reject that holding in its entirety, nevertheless it does exhibit the necessity of connection between the alleged causes.

However, in our own state, in Stephens v. Oklahoma City Ry. Co., 28 Okla. 340, 114 P. 611, 33 L. R. A. (N. S.) 1007, we had a case somewhat similar to the situation described in the preceding case. Plaintiff's intestates had disembarked from a streetcar, to board another streetcar, with a transfer. The streetcar approached and the persons went to the proper place in the street and hailed the car. The motorman

sped on by them, violating the obligation between the railway company and the passengers to stop, and also violating certain city ordinances concerning stopping streetcars during a fire alarm. At the same time the fire chief, coming along behind with his horse and buggy, drove the same violently against the would-be passengers, killing them. With one justice dissenting, it was held that in spite of the fact that "but for" the negligence of the street railway company the persons would not have been injured, still the negligence of the company was not a concurrent cause of the injury.

In Alexander v. Newcastle, 115 Ind. 51, 17 N. E. 200, a city had permitted a deep pit to be dug and remain open in the street. The plaintiff while passing the pit with a prisoner he was taking to jail was thrown by the prisoner into the pit and injured. The court held that the proximate cause of the injury was the act of the prisoner and that the digging and leaving of the pit open in the street was not a concurrent cause. If the pit had not been there, the prisoner could not have thrown the plaintiff into it, and injured him. If the water had not been in the street, in the instant case, the plaintiff would not have been struck, but, at the same time, it cannot be said that the water actually was a concurring cause of the injury itself. It merely was an agency, a condition, which caused him to be at the place where he was when he was hit.

Our appraisal of the foregoing authorities and the reasoning therein is favorable. We believe that under the prevailing rule, which is consonant with good reasoning, the fact that there was water in the street was not the proximate cause of plaintiff's injuries, nor a concurring cause within the meaning of the law, but that the intervening independent act of the defendant Hess in the operation of his automobile was the proximate cause thereof. We cannot fairly arrive at any other conclusion.

Accordingly, the judgment is reversed and the cause is remanded, with directions to enter judgment for the defendant city.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.