OKLAHOMA GAS & ELECTRIC CO. v. BUTLER.

No. 30493. April 7, 1942.

*124 P. 2d 397.*

Rainey, Flynn, Green & Anderson and Hugh F. Owens, all of Oklahoma City, for plaintiff in error.

Herman Merson, of Oklahoma City, for defendant in error.

CORN, V.C.J. Plaintiff, doing business as the Mill Creek Telephone Company, brought this action to recover for damages alleged to have resulted to plaintiff's telephone distribution system by reason of defendant's negligence. The jury returned a verdict for plaintiff for $586.75, and from the judgment rendered on this verdict defendant has appealed.

Plaintiff maintained a telephone system in the town of Mill Creek, and certain of these lines ran north and south along an unnamed street. The lines were carried on cross-arms attached to poles, each cross-arm carrying about ten wires.

Defendant's lines in the town, carrying high voltage, ran east and west at this particular point, intersecting plaintiff's lines and being on poles holding defendant's lines about ten feet above plaintiff's lines. Approximately 50 feet east of this point of intersection there was a pole supporting defendant's lines; approximately 150 feet east of this pole was another, and some 150 feet west of the point of intersection was another pole. The lines were fastened to these poles by the usual insulators.

The defendant's line broke at a point about 100 feet east of the point of intersection of the lines, or about 50 feet east of the middle pole, this being the pole located to the east of the point of intersection of the lines. When broken the defendant's lines sagged down upon plaintiff's lines, transmitting the electrical current through plaintiff's telephone system and thereby causing the switchboard to be burned and damaged.

Plaintiff alleged defendant was careless and negligent in the following particulars: (1) In maintenance and operation of the electrical system, in that the 2,300 volt circuit was on the wires which were weak, unsound, and unable to carry the current, the line having broken because of structural weakness; (2) the defendant failed to maintain proper fuses, or circuit breakers, in that the fuses used permitted the current to flow into the plaintiff's wires for approximately 15 minutes after the break before the circuit shut off; (3) defendant failed to properly secure the wires of its lines to insulators, and the supporting poles were improperly braced, in that although there was a supporting pole between the point of the break and the intersection of defendant's lines with plaintiff's lines, the wires sagged downward approximately seven feet, thereby falling upon plaintiff's lines and transmitting the current into them.

Defendant's answer to the plaintiff's allegations of negligence was in the form of a general denial.

Defendant showed, by the testimony of a boy, twelve years of age, that this boy had thrown a piece of old electric extension cord over defendant's lines at the point of the break some two or three days prior to the happening of the event, causing the injury. This evidence was corroborated by the boy's father. It is the defendant's theory that, even if conceded that its line was loosely tied to the insulators, this was an entirely remote cause of the event, inasmuch as the act of this boy in throwing this wire over defendant's line was a responsible act of an intelligent human agent, which set in motion the chain of circumstances and thereby became the efficient, moving cause of the injury. Thus, defendant

insists, it was not bound to anticipate the result of an independent act of this kind and is therefore relieved from liability.

Plaintiff's evidence consisted of testimony showing the facts of the occurrence of the injury, the nature and amount of damage resulting. Plaintiff also introduced the testimony of one Shaw. This witness testified he had been an electrical worker for approximately 15 years, had worked for different companies in this and in other states, and had installed and worked in the maintenance of electric power lines, and had knowledge of the construction and maintenance, and had repaired lines and insulators. This witness testified positively that if an electrical line was properly tied to the insulators, it would not sag more than two feet in the first section of line adjoining such break, and if it did sag more than this, it would be because of a loose tie on the line.

This witness further testified that a circuit breaker was a cut-off used for overload and ground protection, the purpose of which was to shut off the power if a high line came in contact with anything, and if properly constructed, it should break the circuit and shut off the current when a break occurred. The testimony of plaintiff indicated the circuit breaker did not work and the power at the transformer was not cut off for some 15 minutes after this break occurred.

It is settled that where an electric company's wires, used for carrying current, become broken, disarranged, or out of order and parties are injured by coming into contact therewith, the injury is prima facie caused by negligence, and the establishment of the injury then places the burden upon the company to show that same was not caused as a result of its negligence. See Shawnee Light & Power Co. v. Sears, 21 Okla. 13, 95 P. 449, and Duncan Elec. & Ice Co. v. Chrisman, 59 Okla. 67, 157 P. 1031.

To sustain the contention made by defendant it is necessary to first declare that if the boy who carried out the independent act complained of had not thrown the wire across the high line, this slacking-off or sagging which caused the injury would never have taken place. This argument is without merit.

Defendant cites numerous authorities from this court, and other jurisdictions, holding that a person is not required to anticipate or foresee the results of independent acts of third persons. However, in City of Okmulgee v. Hemphill, 183 Okla. 450, 83 P. 2 189, relied upon by defendant in support of its contention, paragraph 1 of the syllabus states:

"The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

However, paragraph 2 of the syllabus in this same case then states:

"Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes."

And, at page 452, the following statement is made:

"Negligence, to render a person liable, need not be the sole cause of an injury. Where several causes combine to produce an injury a defendant is not relieved from liability because he is responsible for only one of them. It is sufficient if his negligence is an efficient cause, without which the injury would not have resulted. Where several causes producing injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes. Northup v. Eakes, 72 Okla. 66, 178 P. 266.

"But what are 'concurrent' causes? Concurrent causes are causes acting

contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either. St. L., etc., R. Co. v. Bell, 58 Okla. 84, 159 P. 336, L.R.A. 1917A, 543; Muskogee Vitrified Brick Co. v. Napier, 34 Okla. 618, 126 P. 792. It is important to distinguish between concurrent cause and a mere condition. For the former the defendant is liable, for producing the latter he is not, as a general rule. It may be stated generally that in order for causes to be concurrent they must join with each other in some manner to produce the injury. If two distinct causes are successive and unrelated in operation, they cannot be concurrent; one of them must be the proximate and the other the remote cause. Pollard v. Oklahoma City R. Co., 36 Okla. 96, 128 P. 300, Ann. Cas. 1915A, 140."

In the cases cited in the above quotation there is an extended discussion of this problem. In the Bell Case, cited in the quotation, the court announced the rule that where the negligence of the defendant, coupled with an act of a third person, concurred to produce the injury, and the injury would not have happened *but for the existence of both,* the negligence complained of is the proximate cause of the injury. See, also, Oklahoma Nat. Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235; Texas Company v. Robb, 88 Okla. 150, 212 P. 318; Cleveland v. Stanley, 155 Okla. 272, 9 P. 2d 10; St. L. & S. F. Ry. Co. v. Bell, supra; City of Okmulgee v. Hemphill, supra.

We deem it unnecessary to deal further with the matters raised by defendant's contention, in view of the announced principle that where several causes produce an injury, and each is an efficient cause, without which the injury would not have occurred, then the injury may be attributed to any or to all of such causes.

The matter of the defendant's negligence in the construction and maintenance of this electric power line was submitted to the jury for consideration. The evidence was conflicting, but plaintiff's evidence was wholly sufficient to support the finding of the jury that defendant was negligent in the manner charged, and that this negligence was the cause of the plaintiff's injury.

Judgment affirmed.

Supersedeas bond having been executed, and the plaintiff having prayed for judgment thereon upon affirmance of this cause, such judgment is accordingly rendered.

WELCH, C.J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents.