218

## NORMAN v. SCRIVNER-STEVENS CO.

No. 33320.   March 15, 1949.

204 P. 2d 277.

John L. Goode and Mark Goode, of Shawnee, for plaintiff in error.

Clayton B. Pierce, of Oklahoma City, for defendant in error.

CORN, J.  Presented herein is an appeal from a judgment rendered in defendant's favor upon the pleadings and opening statement of plaintiff's counsel, in an action brought by plaintiff to recover damages for the death of her husband, alleged to have resulted from defendant's negligence.

Plaintiff alleged that her husband, employed by defendants as a truck driver, was sent out in a heavily loaded truck with defective brakes to cover a route requiring some 15 hours time without any assistant or helper, and which necessitated his return at night over a heavily traveled highway, which condition was known to defendant. Further, while returning over his route after night this truck was involved in a collision with another vehicle due to the faulty brakes, and as a result of such collision the other car was left upon the highway.  Also, that his duty required him to go upon the highway after the collision and secure the license number of the other car, and while so occupied he was struck and killed by an automobile driven by a third party. See Sheppard v. Scrivner-Stevens Co., 191 Okla. 112, 127 P. 2d 159, for a more extensive statement of the facts surrounding the accident.

A motion for judgment upon the pleadings is in the nature of a demurrer, is governed by the rules applicable thereto and admits all material facts well pleaded. Leonard v. Johnson, 191 Okla. 433, 130 P. 2d 828.  Measured by this rule the pleadings and opening statement may be taken as undisputed and may be said to establish that defendant was negligent in failing to furnish: (1) a safe place in which to work; (2) proper equipment with which to work; (3) a proper method by which to do the work; (4) a sufficient number of fellow servants to do the work.

It is plaintiff's contention that establishment of the foregoing disclosed ac-

tionable negligence, and that the trial court therefore erred in taking the case from the jury and rendering judgment for defendant upon the pleadings and opening statement. It is a recognized rule that a judgment upon the pleadings is rendered because of the lack of an issue of fact, and when no issue of fact is present the matter then becomes purely a question of law as to which party is entitled to judgment. Hiebert v. Koenig, 192 Okla. 376, 138 P. 2d 534; Severson v. Roberts et al., 197 Okla. 121, 168 P. 2d 615.

Thus it is seen that the entire matter became a question of law, for the trial court to determine whether there existed any evidence tending to show a causal connection between the negligence of defendant and the death of deceased. Shell Pet. Corp. v. Worley, 185 Okla. 265, 91 P. 2d 679; Southwestern Motor Carriers v. Nash, 195 Okla. 604, 159 P. 2d 745. Unless it is established that the negligence complained of was the proximate cause of the injury, the action of the trial court was correct and must be sustained.

Definitions of "proximate cause" are numerous, but it has been pointed out that it is impossible to lay down a general rule for determining whether causes may be denominated proximate or remote. And, it has been said that the question always must be determined upon the facts of each case, "upon mixed considerations of logic, common sense, justice, policy and precedent."

In 54 Am. Jur., Negligence, §54, the following statement is found:

"As hereinbefore defined, a proximate cause is an efficient cause. Generally speaking, a cause is proximate when it is not so remote in efficiency as to be dismissed from consideration by the court. A negligent act cannot be said to be the proximate cause of an accident unless the accident could have been avoided in the absence thereof. . . . ."

For application of the rule requiring the proximate cause to be the efficient cause of injury, see Munroe v. Schoenfield & Hunter Drilling Co., 178 Okla. 149, 61 P. 2d 1045; City of Okmulgee v. Hemphill, 183 Okla. 450, 83 P. 2d 189; O. G. & E. Co. v. Butler, 190 Okla. 393, 124 P. 2d 397.

The question whether the negligence charged was the proximate cause of an injury is to be determined according to the natural and probable consequences. In 54 Am. Jur., Negligence, §57, it is said:

"The rule which has been stated and applied more often than any other test of proximate cause is that which determines an injury to be the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act or omission. *It is not enough to prove that the accident is the natural consequence of the negligence.* It must also have been the probable consequence. Thus it is laid down in many cases that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence. Many of the authorities state an additional condition, that it appear that the injury was anticipated, or that it reasonably should have been foreseen, by the person sought to be charged with liability, . . ." Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Missouri, O. & G. Ry. Co. v. Miller, 45 Okla. 173, 145 P. 367.

Another consideration always to be given to the question of whether negligence is the proximate cause of an injury is whether such negligence as the efficient cause was connected with another cause to produce the injury, or whether the injury resulted from the intervention of some new and independent cause, which was neither anticipated nor reasonably foreseeable, and which operated independently of the original negligence and without which the injury would not have occurred. In such instances, the intervention of the new, independent, efficient cause of injury comes between the negligence

and the injury, and by such intervention insulates the original negligence so as to relieve the one guilty of the original negligence from liability for the wrong which the party intervening directly produces. See Wharton, Law of Negligence (2d Ed.) §134.

Generally it is held that negligence which only serves to, furnish the opportunity for injury cannot be the proximate cause where injury occurs as a direct result of an intervening force. The law does not charge a person with all possible consequences of a wrongful act, but ignores remote causes and looks for the proximate cause of the injury. Upon the basis of repeated consideration the rule gradually evolved is that where the negligence complained of only creates a condition, which thereafter is acted upon by a subsequent independent, unforseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. And, this is true though injury would not have occurred except for the original act. Town of Lyons v. Watt, 43 Colo. 238, 95 P. 949; Lemos v. Madden et al., 28 Wyo. 1, 200 P. 791; Jafek v. Public Service Co., 183 Okla. 32, 79 P. 2d 813; City of Okmulgee v. Hemphill, supra.

The various acts of negligence charged created the condition by reason of which deceased was in the locality at the instant he was struck down by an independent, intervening agency. Such acts were remote in relation to the act which caused his death. The trial court was correct in so holding as a matter of law.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.