Mary S. **BEESLEY** and Hiram L. Beesley, Appellants,

v.

**UNITED STATES** of America, their agency, the United States Department of Agriculture, Edward Daniel Barnes and George Sites, Appellees.

No. 8289.

United States Court of Appeals Tenth Circuit.

July 27, 1966.

J. Hugh Hernden, Midwest City, Okl., for appellants.

Robert L. Berry, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., Western District of Oklahoma, with him on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellants, Mary S. Beesley and Hiram L. Beesley, brought suit in the United States District Court for the Western District of Oklahoma against the appellees under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680. Appellants sought to recover damages for personal injuries and property damage allegedly received when, after stopping behind a stalled Government vehicle operated by the employee Sites, appellants' vehicle was struck from behind by a vehicle driven by appellee Barnes, a third party. The case was tried to the court resulting in a judgment in favor of the United States and the dismissal of appellees Sites and Barnes. This appeal was then taken.

The record shows that a Government vehicle, in use by two Department of Agriculture employees within the scope of their employment, being driven by appellee Sites, ran out of gas and stalled on the "up" side of a two-lane traffic overpass in Oklahoma City, Oklahoma, during the daylight hours. The Government employees sat in the stalled vehicle and attempted to coast back down the overpass. They signalled oncoming traffic from inside the car. Appellants approached from the rear and stopped approximately twenty-five feet behind the stalled Government vehicle. Shortly thereafter appellee Barnes approached in his truck from the same direction and struck appellants' car in the rear, knocking it forward approximately eight to twelve feet but not into the Government vehicle. Appellant, Mary Beesley, suffered whiplash neck injuries and the rear end of their car was damaged.

The trial court dismissed appellees Sites and Barnes for lack of diversity

jurisdiction, and also as to Sites, because appellants' remedy under the Federal Tort Claims Act was exclusively against the United States.

The trial court found that the Government employee was negligent per se in violating the Oklahoma "stopping and standing" statute, 47 Okla.Stat.Ann. § 11–1003 (1962), and that the employee may have breached his common law duty to get out of the car and warn oncoming traffic. The trial court found also that appellee Barnes was negligent in failing to keep a proper lookout, failing to keep his truck under control, and in having defective brakes.

The trial court concluded that the Government employee's negligence created a mere condition which set the stage for the collision that subsequently occurred, and was not a proximate or concurring cause thereof. It concluded that the sole and proximate cause was the negligence of appellee Barnes in driving his truck into the rear of appellants' car.

Since no transcript of the trial testimony was included with the record on appeal, this court will accept the findings of the trial court as being the undisputed facts on appeal. Appellants urge that the only question on appeal is whether the trial court correctly applied the Oklahoma negligence law of proximate cause to the facts. They argue that the Government's negligence in violating the Oklahoma "stopping and standing" statute, and in failing to warn was the proximate cause of their injuries, and set in motion an unbroken chain of circumstances culminating in their injuries.

The Federal Tort Claims Act is of course designed to render the United States liable for its torts in essentially the same manner and to the same extent as a private individual would be in like circumstances under the law of place where the wrong occurred. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492; Weaver v. United States, 334 F.2d 319 (10th Cir.); United States v. Gregory, 300 F.2d 11 (10th Cir.).

The Oklahoma Supreme Court has developed a clear expression of the law of proximate cause in Oklahoma. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109 (1965). Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforeseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. This is held to be true though injury would not have occurred except for the original act. Transport Indemnity Co. v. Page, 406 P.2d 980 (1965); Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277 (1949); City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189 (1938). Thus the proximate cause of an event must be that which in the natural and continuous sequence, unbroken by any independent cause, produces that event and without which that event would not have occurred. Porter v. Norton-Stuart Pontiac-Cadillac of Enid, supra; Mathers v. Younger, 177 Okl. 294, 58 P.2d 857 (1936).

We do not agree with the appellants' argument that the Government's negligence was the proximate, or even concurring, cause of their injuries. In light of the foregoing Oklahoma law, we think the trial court properly concluded that the negligence of appellee Barnes was an independent intervening cause.

The Oklahoma Supreme Court noted in City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189 (1938), the difference between the "but for" theory and proximate cause. There the plaintiff had remained in the street a few extra seconds to walk around a puddle of water collected by a curbside drain and was struck by a speeding car without headlights. Plaintiff sought to hold the city of Okmulgee responsible, as well as the driver of the speeding car, because the city was negligent in allowing the drain to clog so that the water would not run off. The court there stated that it

must be borne in mind that when we say "but for" some instrumentality, the plaintiff would not have been injured, it does not follow that the instrumentality caused the injury or even helped cause it. In order to say that proximate cause exists, there must be some actual causal connection between the negligence and the injury.

Affirmed.