395 F.2d 566
 Harry HAWORTH, Appellant,
v.
Christopher F. MOSHER, Charles H. Grigsby, Russell Taylor, George Taylor, Marion Mark Masters, driver of the truck owned by George Boekhoff, Jerry E. Crown, Wayne T. Abbey, Elisa Newton Crabtree, and George Boekhoff, Appellees.
 No. 9760.
 United States Court of Appeals Tenth Circuit.
 May 22, 1968.
 
 James M. Little, Oklahoma City, Okl. (Leslie L. Conner and Leslie L. Conner, Jr., of Conner, Little & Conner, and O. A. Cargill, Jr., Oklahoma City, Okl., on the brief), for appellant.
 Mart Brown, Kenneth N. McKinney and William G. Smith, Oklahoma City, Okl. (H. A. Bud Carter, Duvall, Head, McKinney & Travis, Pierce, Duncan, Couch & Hendrickson, Rinehart, Morrison & Cooper, Fenton, Fenton, Smith, Reneau & Moon, Cheek, Cheek & Cheek, and Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, Okl., on the brief), for appellees.
 Before LEWIS, SETH and HICKEY, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 This appeal is brought to us under Rule 54(b), Fed.R.Civ.P., from a summary judgment entered by the District Court for the Western District of Oklahoma. The judgment, adverse to the appellant-plaintiff, was premised on the pleadings and depositions and affidavits filed in support of appellees-defendants' motions lodged under Rule 56. Appellant submitted no counter-filings.
 
 
 2
 Appellant seeks recovery of damages for personal injuries suffered in an automobile accident occurring during a dust storm. The evidentiary facts are not in dispute and appellant's present contention is limited to the claim that the ultimate facts of negligence and proximate cause remain in dispute and thus render summary judgment inappropriate The substance of the trial court's judgment is bottomed upon the conclusion that the original acts of the appellees, regardless of negligence, were not the proximate cause of the injuries claimed by appellant.
 
 
 3
 The record shows and the trial court found the following evidentiary facts to be without material dispute:
 
 
 4
 "1. On April 12, 1964, at a point about seven and one-half miles southwest of Guymon, Oklahoma, on U. S. Highway 54, the parties to this action, and others, travelling in a northeasterly direction, were involved in a series of separate accidents involving automobiles, trucks, and tractor-trailers, which the parties hereto either owned, operated or were riding in as passengers. The plaintiff received serious personal injuries for which he seeks damages in one of the series of accidents which occurred.
 
 
 5
 2. On April 12, 1964, the plaintiff and one J. C. Cox were employed by Denver-Chicago Trucking Company as drivers of a 1964 Kenworth tractor and trailer, the two alternating in resting and driving. The vehicle in which the plaintiff was riding was proceeded [sic] by a 1963 Kenworth tractor and trailer driven by one Charles W. Wyatt who was also employed by Denver-Chicago Trucking Company. Plaintiff was asleep or resting at the time of the accident involving the tractor and trailer in which he was riding.
 
 
 6
 3. The accident for which the plaintiff seeks damages, was one of a series which occurred in the following sequence.
 
 
 7
 (a) Defendant Christopher F. Mosher, driving a 1960 Lincoln automobile, entered the dust storm and being unable to see brought his car to a stop on the paving.
 
 
 8
 (b) Defendant Charles H. Grigsby driving a 1964 International tractor-trailer, owned by him, on approaching the Mosher vehicle, slowed his truck to a near stop to avoid striking the Mosher vehicle.
 
 
 9
 (c) Defendant George Taylor driving a Chevrolet pickup owned by the defendant Russell Taylor struck the right rear of the Grigsby tractor-trailer.
 
 
 10
 (d) Defendant Mark Masters, driving a 1961 White tractor and trailer owned by defendant George Boekhoff struck the left rear of the Grigsby tractor-trailer.
 
 
 11
 (e) This latter impact knocked the Grigsby tractor-trailer into the rear of the Mosher car, the force of these impacts causing the Mosher car to go off the paving into the ditch and the Grigsby truck to go off the roadway onto the south shoulder. The Taylor pickup truck was disabled on the shoulder and Masters tractor-trailer remained on the roadway, disabled by the accident.
 
 
 12
 (f) Shortly after the collisions set forth in a, b, c, d and e above, a 1964 Chrysler driven by defendant Jerry E. Crown either stopped behind or struck the disabled truck of Masters and was stopped or disabled on the highway.
 
 
 13
 (g) A 1963 Chevrolet Corvair driven by the defendant Wayne T. Abbey then struck the rear of the Crown vehicle and was stopped or disabled on the roadway.
 
 
 14
 (h) Shortly thereafter a Chevrolet station wagon driven by defendant Elisa Newton Crabtree then struck the rear of the Crown vehicle.
 
 
 15
 (i) After the collisions set forth in f, g and h above, the Masters, Crown, Abbey and Crabtree vehicles were disabled on the highway paving, and the drivers left their vehicles.
 
 
 16
 (j) Shortly thereafter, after all of the vehicles referred to above had come to a complete rest, one Charles W. Wyatt, driver of a Denver-Chicago Truck, not named as a party defendant herein, observed the disabled vehicles on the highway and brought his tractor and trailer to a stop on the paving a short distance behind the disabled station wagon driven by Crabtree. His vehicle was 50 feet in length, and had all of its lights burning, and its brakes locked after coming to a complete stop.
 
 
 17
 (k) J. C. Cox (driving the D-C Kenworth tractor-trailer in which the plaintiff was resting) struck the rear of the Wyatt truck, causing the Wyatt truck to collide with the Crabtree station wagon and causing further impact, in sequence, between the Crabtree, Abbey, Crown and Masters vehicles.
 
 
 18
 (l) As a part of or after the collisions set forth in above, the station wagon driven by defendant Kleffman struck the rear of J. C. Cox vehicle.
 
 
 19
 4. The dust storm in which this series of accidents occurred was a limited area occasioned by dust blowing across the highway from a plowed field adjoining the highway. While the extent of reduced visibility caused by the blowing dust was not ascertainable prior to entering the dust area, the presence of dust blowing across the highway was observable by each of the drivers prior to their entering the dust area itself."
 
 
 20
 It should be noted that the court's judgment does not run in favor of the defendant Kleffman whose automobile struck the rear of the truck in which appellant was riding; nor does the judgment affect the employer or driver of the truck into which the driver Cox drove the truck in which appellant was riding.
 
 
 21
 Under the case law of Oklahoma a distinction has been drawn in numerous cases between acts and circumstances which can be found to be the proximate cause of injury and those acts which, although constituting original negligence, create a condition making subsequent injury possible and "but for" such original negligence the injury would not have occurred. In the latter case no actionable wrong exists. This court, in a case involving a rear-end collision under circumstances similar to those in the case at bar, upheld a trial court ruling that the original negligent act of a driver in stopping his car upon an Oklahoma highway created but a condition and was not actionable in view of the subsequent negligence of other drivers. Judge Seth summarized the applicable Oklahoma law thus:
 
 
 22
 "The Oklahoma Supreme Court has developed a clear expression of the law of proximate cause in Oklahoma. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109 (1965). Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforeseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. This is held to be true though injury would not have occurred except for the original act. Transport Indemnity Co. v. Page, 406 P.2d 980 (1965); Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277 (1949); City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189 (1938). Thus the proximate cause of an event must be that which in the natural and continuous sequence, unbroken by any independent cause, produces that event and without which that event would not have occurred. Porter v. Norton-Stuart Pontiac-Cadillac of Enid, supra; Mathers v. Younger, 177 Okl. 294, 58 P.2d 857 (1936)." Beesley v. United States, 10 Cir., 364 F.2d 194, 196.
 
 
 23
 In a very recent case, Evans v. Caldwell, Okl., 429 P.2d 962, and against a factual background of original negligence much less remote to the occurrence of injury than here presented, the Oklahoma court has again held that negligent parking creates but a condition that is not actionable when followed by intervening negligence causing a rear-end collision, and that proximate cause under such circumstances is a matter of law for the court. If submitted to the jury as a question of ultimate fact it is reversible error. Transport Indemnity Co. v. Page, Okl., 406 P.2d 980.
 
 
 24
 The series of misfortunes that we have set out, in regard to appellant's claims, can only be characterized as several distinct accidents severed in legal significance by intervening acts of the various drivers. The chain of actual collisions was broken several times and was renewed only by subsequent and intervening acts of the overcoming drivers. The collision chain was broken when the Wyatt-driven truck came to a complete rest without collision or injury and the causal conduct of the forward drivers, appellees, became remote under established Oklahoma law. The trial court correctly held that the acts of each appellee were a remote and not a proximate cause of appellant's injuries and the case was appropriately ripe for summary disposition.
 
 
 25
 Affirmed.