Ken F. MANS, Individually and on behalf of all persons employed by Sunray DX Oil Company and Sun Oil Company as of the date of merger of these two companies, Plaintiffs,

v.

SUNRAY DX OIL COMPANY and Sun Oil Company, Defendants.

Civ. No. 70–C–140.

United States District Court,
N. D. Oklahoma,
Civil Division.

May 20, 1971.

**1096**

Stan P. Doyle, Tulsa, Okl., for plaintiffs.

John A. Ladner, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff proceeds in this case alleging the existence of a class of persons of which he claims to be representative, seeking relief in the form of damages and injunctions under 15 U.S.C.A. §§ 1, 15, 18, 22 and 26. Plaintiff's claims are as follows:

1. 15 U.S.C.A. § 1. Plaintiff claims that Defendants' agreement by which their merger was effected is a per se violation of this statute because it restrains trade by eliminating a potential employer, creating a division of markets and fixing prices.

2. 15 U.S.C.A. § 15. Plaintiff alleges that his right of employment is his business or property which is protected by this statute from direct injury by Defendants' alleged violations of the antitrust laws. The injury to his claimed business or property is stated to be his loss of employment by Sunray after the merger when Plaintiff refused to accept employment at a higher salary in another city. .

3. 15 U.S.C.A. § 18. Plaintiff alleges that Defendants' merger substantially lessens competition and tends to create a monopoly, principally because of the concentration of economic power which resulted from the merger.

4. 15 U.S.C.A. § 22. Plaintiff claims, and Defendants do not dispute, that venue exists in the Northern District of Oklahoma.

5. 15 U.S.C.A. § 26. Plaintiff claims that injunctive relief in the form of divestiture is proper in order to put an end to the violations of the antitrust laws alleged to have occurred because such relief is the only method by which competition existing prior to the merger may be recaptured.

Both Plaintiff and Defendants have moved for summary judgment. Their Motions seek adjudication of the following issues, among others: (1) Whether Defendants' merger is a per se violation of 15 U.S.C.A. §§ 1 and 18, and (2) Whether Plaintiff has standing individually and as representative of the claimed class to maintain this action under 15 U.S.C.A. §§ 15 and 26.

■ Plaintiff alleges that he was employed by Sunray for a number of years. For the last fourteen years, Plaintiff was employed in Tulsa, Oklahoma selling tank car loads of refined oils to industrial consumers. After the Defendants' merger, Plaintiff was offered employment by the Defendants in Dallas, Texas at a greater salary than he was then earning in Tulsa. When Plaintiff refused to transfer to Dallas, his employment was terminated. Plaintiff alleges that the Defendants' action cost his retirement benefits which would have vested within three years and his salary for the three years. Plaintiff further alleges that Defendants refused

to pay him severance benefits in the approximate amount of $21,000.[1] Defendants by Answer admit Plaintiff's employment and the offers of comparable employment in other cities but deny that they deprived him of three years' pay, retirement benefits or severance pay.

It is essential to Plaintiffs' case that a violation of the antitrust laws be shown. None of the parties dispute this principle. Thus, the first and perhaps paramount issue presented by the Plaintiffs' Motion is whether the merger constitutes, as Plaintiff claims, a per se violation of 15 U.S.C.A. §§ 1 and 18. It is Plaintiff's thesis in his briefs that mere bigness alone is a per se violation of these statutes. Plaintiff apparently recognizes that no court has so held for, after an interminable discussion of the legislative history, purpose and development of the antitrust laws, he urges this Court to make the "bold move" to establish this concept as decisional precedent, thus anticipating what he thinks the Supreme Court will surely do. Such a move by this Court would not only be "bold", it would also be unsupportable. This Court is disposed to follow the pronouncements of the Supreme Court, not predict them. The Supreme Court has said:

> "The law, however, does not make the mere size of a corporation, however impressive, or the existence of an unexerted power on its part, an offense, when unaccompanied by unlawful conduct in the exercise of its power. United States v. United States Steel Corp., 251 U.S. 417, 451, 40 S.Ct. 293, 64 L.Ed. 343, 353, 8 A.L.R. 1121." United States v. International Harvester Co., 274 U.S. 693 at page 708, 47 S.Ct. 748 at page 753, 71 L.Ed. 1302 at page 1310 (1927).

The Court has found nothing in reported cases which would detract from such a clear pronouncement.[2] The plaintiff in United States v. Manufacturers Hanover Trust Co., 240 F.Supp. 867 (D.C.N.Y. 1965), also a merger case, urged this same contention, to which the district court responded in the following fashion:

> "Arguments based on size, big or little, appeal not to reason or fairness but to emotion and prejudice. The government's [plaintiff's] cries may stir resonant chimes in some ears, but they strike a gong of alarm in ours. Daily experience in the trial court teaches that such pleas generally mask a meritless case and, if anything, compel an examination of the evidence with special scrutiny and cold objectivity lest our oath of office become a hollow mockery and equal justice for the rich and the poor alike an empty platitude. That is no doubt the premise underlying the rule that absolute size (wealth) standing alone proves nothing violative of the antitrust laws. Were this a jury trial we would be bound to give such an instruction, and surely we can do no less than observe the law ourselves." 240 F.Supp. 867 at page 928.

The cases cited by the court in footnote 165, 240 F.Supp. 867 at page 928 fully support its remarks. The combined size alone of the merged Defendants nor the method used to achieve such size are not enough to authorize summary judgment for Plaintiff.

Plaintiff's allegations of price fixing and division of markets, ordinarily per se violations of the antitrust laws, are unsupported by any factual assertions; they are mere legal conclusions. In addition, they are denied by Defendants and in any event must be considered as issues which if properly developed would contain material facts as to

---

1. The Court would parenthetically note that claims for unpaid compensation due an employee may not be asserted in an antitrust suit according to Nichols v. Spencer International Press, Inc., 371 F.2d 332 (Seventh Cir. 1967).

2. And the method used to achieve bigness through the vehicle of merger was attacked in United States v. International Harvester Co., *supra*, without success.

which there is a dispute among the parties. Summary judgment for Plaintiff cannot be predicated on his "bare bones" allegations of price fixing and division of markets and in no event where such allegations are denied by Answer.

The next question is Plaintiff's standing to sue. This is raised by Defendants and their contention that he has no such standing is urged by them as ground for summary judgment. Plaintiff's substantive right of action, if any, is created by 15 U.S.C.A. §§ 15 and 26, the former statute allowing recovery of treble damages and the latter statute permitting injunctive relief. The issue of standing to sue generally depends on whether a Plaintiff from a causation standpoint has suffered a "direct" rather than an "incidental" injury as a result of some violation of the antitrust laws by a Defendant or whether the business or property of a Plaintiff is in the "target area" of a Defendant's unlawful act. Billy Baxter, Inc. v. Coca-Cola Co., 431 F.2d 183 (Second Cir. 1970). The latter proposition may be quickly dealt with for without a moment's hesitation it must be concluded that Plaintiff's employment with Defendant Sunray was not within the "target area" of the alleged anticompetitive result of the merger of the Defendants. It is undisputed that Plaintiff's employment was desired after the merger for he was offered three job opportunities all of which he rejected.

In attempting to analyze the great variety of language used by the Courts to describe a "direct" injury, Von Kalinowski concludes that:

"Whatever these verbal diversities may be, what the courts have done is to formulate a test of *proximate cause, leaving for judicial determination in each case* whether a particular plaintiff should be barred as being only distantly hurt." 2 Von Kalinowski, Antitrust Laws and Trade Regulation § 11.04 [1] [e], footnote 43, at pages 11-32. (Emphasis supplied.)

Plaintiff contends that his injury is direct, in that the merger eliminated one possible employer from the market for his services. Defendants contend that the proximate and direct cause of Plaintiff's injury, if any, was his own choice not to transfer to another city, for which he was terminated in that his services were no longer needed in Tulsa, the Plaintiff having no contract of employment for any period of time or for any place. Plaintiff opposes this contention stating that his services were no longer needed in Tulsa because of the merger and thus the merger was the direct and proximate cause of his injury.

Plaintiff's case is not like those involving blacklisting, Radovich v. National Football League, 352 U.S. 445, 77 S. Ct. 390, 1 L.Ed.2d 456 (1957), nor "no switch" agreements, Nichols v. Spencer International Press, Inc., 371 F.2d 332 (Seventh Cir. 1967), nor commission sales agents, Dailey v. Quality School Plan, Inc., 380 F.2d 484 (Fifth Cir. 1967). There is no suggestion whatever that Plaintiff has been blacklisted for employment by anyone, including the Defendants nor that there is any agreement between the Defendants or anyone else to not employ each other's employees for a period of time, and Plaintiff does not claim to be a commission sales agent with a competitive territory upon which his earnings depend, even in part. Plaintiff claims only to be a salaried employee.

Recently, in Wilson v. Ringsby Truck Lines, Inc., 320 F.Supp. 699 (D.C.Colo.1970), Judge Arraj held that employees who alleged that their earnings were diminished by reason of claimed antitrust violations of their employer could have standing to sue their employer and denied the employer's motion to dismiss. That case may be distinguished from the case at hand in several ways. First, Judge Arraj had before him only the narrow question of the legal sufficiency of plaintiff's action on a motion to dismiss whereas the ques-

tions presented here on summary judgment motions require this Court to treat with the legal and factual sufficiency of Plaintiff's case as the same has been developed since it was filed. Each case must stand on its own facts and the facts concerning Plaintiff's alleged direct injury here are not in dispute and are deemed controlling of the legal result. Next, the matter of "proximate cause" as related to direct injury was not developed in the Colorado case, whereas, it has been fully developed herein.[3] Finally, the Court is of the opinion that Judge Arraj has rejected the teaching of our Circuit in Nationwide Auto Appraisers Service, Inc. v. Association of Casualty and Surety Companies, 382 F.2d 925 (Tenth Cir. 1967) by reading the direct injury requirement out of the case. Federal statutory law did not supplant the common law but incorporated it. 1 Von Kalinowski, Antitrust Laws and Trade Regulation § 1.02, pp. 1–21 to 1–34. Absent any clear expression on the part of Congress in 15 U.S.C.A. § 15 or our Circuit that the familiar principle of proximate cause should be eliminated from antitrust actions under 15 U.S.C.A. § 15, this Court is not willing to do so. Therefore, assuming, but without deciding, that Plaintiff's employment with Sunray was a property right within the meaning of 15 U.S.C.A. § 15, Nichols v. Spencer International Press, Inc., *supra,* the undisputed facts of the termination of his employment do not establish that such termination was the direct and proximate result of the Defendants' merger as a matter of law. Plaintiff himself states he could have continued in employment had he transferred to Dallas. However, he attempted to impose on Sunray the condition that he remain in Tulsa, a right he did not possess by contract or otherwise. Even in the absence of Defendants' merger he could have been required to transfer to another city or he could have been terminated. The Court concludes that his stated desire as to the place of his employment was the proximate cause of his termination of employment as a matter of law.

■■■ Summary disposition of Plaintiff's standing to sue in this case is in order. In *Nationwide Auto Appraisers, supra,* our Circuit affirmed a summary disposition by this Court of an antitrust claim on the basis that direct injury had not been shown by the pleadings and matters offered in support thereof. Summary proceedings have long been recognized as an appropriate vehicle for disposition of the standing to sue question. S.C.M. Corporation v. Radio Corporation of America, 407 F.2d 166 (Second Cir. 1968); Productive Inventions v. Trico Products Corp., 224 F.2d 678 (Second Cir. 1955). The undisputed facts now before the Court do not reveal a direct and causal connection between the Defendants' merger and the alleged injury to Plaintiff as a matter of law.

Other issues raised by the parties need not be treated with in view of the result reached by the Court on the controlling issue of standing to sue.

Defendants' Motion for Summary Judgment is granted and Plaintiff's Motion for Partial Summary Judgment is denied. Counsel for Defendants is requested to prepare an appropriate judgment for entry herein and submit the same to the Court within fifteen (15) days of the date hereof.

---

3. That "proximate cause" may be a question of law under certain circumstances and thereby make a case ripe for summary disposition see Haworth v. Mosher, 395 F.2d 566 (Tenth Cir. 1968).