**Opal Lee VOGT et al., Plaintiffs,**

v.

**GENERAL TELEPHONE COMPANY OF the SOUTHWEST, a corporation, Defendant.**

**Civ. No. 74–346.**

United States District Court, E. D. Oklahoma.

Sept. 19, 1975.

G. Lee Jackson, Tulsa, Okl., for plaintiffs.

Alfred B. Knight, Tulsa, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

This personal injury action arises from a collision occurring on a county road in Wagoner County, Oklahoma, on November 1, 1972. Plaintiffs were all occupants in an automobile which had stopped behind Defendant's service vehicle which was stopped on the roadway for the purpose of making repairs to utility lines when Plaintiffs' automobile was struck from behind by an automobile driven by a third party. Plaintiffs contend the accident was proximately caused by Defendant's negligence in stopping its truck on the roadway and in failing to provide adequate warning signs, signals, devices or a flagman. Defendant denies its vehicle was the proximate cause of the accident and urges that the sole cause of same was negligence on the part of a third party who drove her automobile into the rear of Plaintiffs' stopped automobile. Defendant contends it did provide adequate warnings and lights on its stopped vehicle.

Defendant has filed a Motion for Summary Judgment. In said Motion, which is supported by a Brief, it contends that there is no genuine issue of fact material to the element of causation as required by Oklahoma substantive law. The Defendant contends that its truck which was stopped on the roadway merely created a condition and was not the proximate cause of the collision.

Plaintiffs in their Response to said Motion (Captioned Reply) which is accompanied by a Brief urge that factual issues exist which preclude the Court granting Defendant's Motion for Summary Judgment. In particular, they urge that Defendant violated a statutory duty to provide adequate warnings when its vehicle was stopped on the road for the purpose of repairing utility lines and that said failure to provide warnings was the proximate cause of the collision.

Plaintiffs' depositions have been taken in this action and Defendant relies on facts from same in support of its Motion. In addition, it has submitted an affidavit of its Division Service Facilities Manager who stated he came to the scene of the accident and measured the distance from its work area to the first hill crest west of the accident scene and found said distance to be more than 1,300 feet.

Plaintiff Walter H. Vogt was driving the automobile occupied by all Plaintiffs. He testified in his deposition that he had no problems at all seeing Defendant's service truck which had a man in a basket working on a pole. This witness stated that he had stopped when he came to the telephone company truck and waited for oncoming traffic to clear before going around said truck. He stated that he had allowed three or four oncoming vehicles to go past and was ready to proceed when his vehicle was struck from the rear by an automobile. This witness testified that the roadway was practically level at the place of the accident with a long downward slope leading from a hill crest eastward to the point of the accident. He stated he had no difficulty seeing the telephone truck from 2 or 3 blocks away. He stated that he knew of no reason why the driver of the car which struck his vehicle could not have seen the rear of his

vehicle or the telephone company truck had she been looking.[1] Plaintiff Opal Lee Vogt has no recollection of the facts relating to the cause of the accident. Plaintiff Joanne Vogt testified that the road was level and the view was clear. She stated that they were going down the street and saw a truck parked and could not go around because someone was coming from the opposite direction. The Plaintiffs testified that they did not recall seeing any warning cones along the highway.

For the purposes of considering the instant Motion for Summary Judgment, the Court finds that the accident in question occurred while the Plaintiffs' automobile was stopped on the roadway because the Defendant's truck was blocking the roadway. It is not disputed that said truck was stopped on the roadway for the purposes of repairing or servicing utility lines. It is further undisputed that the roadway was level and the visibility was unrestricted. The facts indicate that Plaintiff Walter H. Vogt was able to observe Defendant's truck blocking the roadway and was able to bring his automobile to a stop without colliding with said truck. The Court has to agree with Plaintiffs that a factual dispute exists as to whether Defendant provided adequate warnings that its truck was blocking the roadway and for the purposes of this Motion it will be presumed that Defendant failed to provide such warnings.

Defendant relies on a long line of cases which hold that it is a question of law for the Court to determine whether there is any evidence tending to show causal connection between the acts of defendant and the injury complained of. Included among such cases are the following: *Pepsi-Cola Bottling Co. of Tulsa, Okl. v. Von Brady,* 386 P.2d 993 (Okl.1963); *Thur v. Dunkley,* 474 P.2d 403 (Okl.1970); *Evans v. Caldwell,* 429 P.2d 962 (Okl.1967); *Sturdevant v. Kent,* 322 P.2d 408 (Okl.1958), and *Woodward v. Kinchen,* 446 P.2d 375 (Okl.1968).

Plaintiffs contend that all of the cases relied on by Defendant are only applicable to situations involving violations of 47 Oklahoma Statutes 1971 § 11–1001 which prohibit persons from stopping on the traveled portion of the roadways. Plaintiffs contend that the instant case involves an alleged violation by Defendant of 47 Oklahoma Statutes 1971 § 11–105 which provides:

"Unless specifically made applicable, the provisions of this chapter except those contained in article IX hereof shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway, or to persons, motor vehicles and other equipment while actually engaged in construction, maintenance or repair of public utilities *provided that all* highway and *public utility operations shall be protected by adequate warning signs, signals, devices or flagmen,* but the provisions of this chapter shall apply to such persons and vehicles when traveling to or from such work." (Emphasis supplied).

Plaintiffs allege that Defendant is guilty of negligence per se if the facts indicate it violated said statute by failing to give adequate warnings. Plaintiffs state the case of *Breno v. Weaver,* 208 Okl. 14, 252 P.2d 487 (1952) supports their position that an illegally parked vehicle can be the proximate cause of an accident.

The instant Motion for Summary Judgment is made pursuant to Rule 56, Federal Rules of Civil Procedure. Paragraph (c) of said Rule provides in part as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

1. The record discloses that all Plaintiffs received payments to settle claims against the driver of the automobile which struck their vehicle. The record does not disclose whether a release was given to said third party but the Court for the purposes of the instant Motion must disregard said settlement.

In Wright & Miller, Federal Practice and Procedure; Civil § 2729 the textwriter states:

"It is even more difficult for defendant to prevail on a Rule 56 motion when it is based on the assertion that there is no factual dispute with regard to an issue of negligence or contributory negligence, inasmuch as these questions are thought of as being within the special competence of the jury. But there are some instances in which it may appear that even if the facts are as plaintiff asserts them to be, there still can be no recovery and the entry of summary judgment for defendant is proper."

Looking to the alleged negligence of Defendant in failing to provide an adequate warning of its public utility operations, it must be determined if such is a proximate cause of the collision in question. The Court cannot agree with Plaintiffs' contention that the cases involving vehicles illegally parked or stopped on the roadway are not applicable in the instant case. It appears that if Plaintiffs' contention is correct that Defendant failed to provide the required warning, and which contention the Court must take as correct in ruling on the instant Motion, it follows, as such statute (47 Oklahoma Statutes 1971 § 11–105) is an exception to statutory prohibitions against stopping on highways, that the Rules of the Road found in Chapter 11 of the Oklahoma Highway Safety Code (47 Oklahoma Statutes 1971 §§ 11–101 et seq.) would apply to Defendant and its vehicle would then be found to have been illegally parked or stopped on the roadway in violation of 47 Oklahoma Statutes 1971 § 11–1001. The cases are thus applicable.

In *Haworth v. Mosher*, 395 F.2d 566 (Tenth Cir. 1968) the granting of a Motion for Summary Judgment in a negligence case was affirmed wherein the trial Court had held the acts of the defendants were a remote and not a proximate cause of the plaintiff's injuries as a matter of law. The Court stated in said opinion as follows:

"In a very recent case, *Evans v. Caldwell*, Okl., 429 P.2d 962, and against a factual background of original negligence much less remote to the occurrence of injury than here presented, the Oklahoma court has again held that negligent parking creates but a condition that is not actionable when followed by intervening negligence causing a rear-end collision, and that proximate cause under such circumstances is a matter of law for the court. If submitted to the jury as a question of ultimate fact it is reversible error. *Transport Indemnity Co. v. Page*, Okl., 406 P.2d 980."

The Court in *Haworth, supra,* adopted the following language from the case of *Beesley v. United States,* 364 F.2d 194 (Tenth Cir. 1966):

"The Oklahoma Supreme Court has developed a clear expression of the law of proximate cause in Oklahoma. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. *Porter v. Norton-Stuart Pontiac-Cadillac of Enid,* 405 P.2d 109 ([Okl.] 1965). Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforeseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. This is held to be true though injury would not have occurred except for the original act. *Transport Indemnity Co. v. Page,* 406 P.2d 980 (1965); *Norman v. Scrivner-Stevens Co.,* 201 Okl. 218, 204 P.2d 277 (1949); *City of Okmulgee v. Hemphill,* 183 Okl. 450, 83 P.2d 189 (1938). Thus the proximate cause of an event must be that which in the natural and continuous sequence, unbroken by any independent cause, produces that event and without which that event would not have occurred. *Porter v. Norton-Stuart Pontiac-Cadillac of Enid,* supra; *Mathers v. Younger,* 177 Okl. 294, 58 P.2d 857 (1936)."

This Court will briefly consider the facts present in the Tenth Circuit cases cited above for the purpose of looking to how the

"proximate cause versus mere condition doctrine" has been applied. In *Beesley, supra,* the plaintiff was a passenger in an automobile which had stopped behind a government vehicle which had stalled on an overpass when the automobile in which plaintiff was riding was struck from the rear by an automobile driven by a third party. The accident happened in broad daylight with uninterrupted vision for several blocks. Said case was tried to this Court which found that even though the driver of the government vehicle was negligent (a City Ordinance prohibited stopping or parking on an overpass), said negligence was not the proximate cause of the injuries to plaintiff and the accident was caused by an independent intervening cause in the form of negligence on the part of the driver of the automobile which struck plaintiff's automobile from the rear. This Court's findings were affirmed on appeal. In *Haworth, supra,* it was held that a motor vehicle collision chain, which started when an automobile stopped on a highway because of a dust storm, was broken when a truck came to a complete rest without collision or injury, and plaintiffs' vehicle ran into the rear of said truck injuring plaintiff and as the chain was broken, causal conduct of forward drivers became remote under Oklahoma law and plaintiff could not recover from such forward drivers for his injuries. The findings of the trial Court that summary judgment should be granted as to all such forward drivers because their actions were a remote and not a proximate cause of the accident were affirmed.

The facts in the instant case clearly are akin to those present in *Beesley, supra,* and *Haworth, supra,* cases wherein an automobile had come to a complete stop behind a purportedly illegally stopped vehicle and was thereafter struck from the rear by an automobile driven by a third party.[2] The intervening negligent acts of a third party were the proximate cause of the collision in question as a matter of law. The purported negligence of Defendant that it failed to provide adequate warnings that its public utility repair operations were being conducted with its vehicle on the roadway, is a prior and remote cause under Oklahoma law which merely furnished a condition for the Plaintiffs' injuries which resulted from an intervening, unrelated and efficient cause. The collision in question could not have been foreseen nor reasonably anticipated as the probable result of the purported negligence on the part of Defendant. The Defendant's Motion for Summary Judgment is sustained and the action is dismissed as to all Plaintiffs.

---

2. *John Long Trucking, Inc. v. Greear,* 421 F.2d 125 (Tenth Cir. 1970) and the recent case of *Temples v. Stark* (Tenth Circuit Case No. 74–1565, opinion filed September 11, 1975—not for routine publication), both from our Circuit, are distinguishable from our case at bar and *Beesley, supra,* and *Haworth, supra,* in that in *Long* and *Temples* only two cars were involved, an illegally parked vehicle and a vehicle colliding with such illegally parked vehicle, whereas, in the case at bar and *Beesley, supra,* and *Haworth, supra,* there were three or more cars involved, an illegally parked vehicle, a second vehicle which stopped behind the same without colliding with it and a third vehicle rear-ending the stopped vehicle. In *Temples,* in which a summary judgment for a defendant was reversed, the Court said:

"... In both *Haworth* and *Beesley,* vehicles came to safe stops behind the original parked vehicle and this was held, under those facts, to have made the original negligence remote."